2020 IL App (1st) 191430-U

FIRST DIVISION
January 21, 2020

No. 1-19-1430

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| MAUREEN MARY YUNKAP KWANKAM and CONRAD F. NJAMFA, Co-Special Administrators of the Estate of Patrick Nkamga Njamfa, deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | Appeal from the Circuit Court of |
| v. | ) ) | Cook County |
| KENYA AIRWAYS, LTD.; ORIX AVIATION SYSTEMS, LTD.; NISSEN KAIUN KABUSHIKI KAISHA; ORIX CORPORATION; and BOC AVIATION PTE., LTD. | ) ) ) ) ) ) | No. 16 L 1950 The Honorable Kathy M. Flanagan, Judge Presiding. |
| Defendants, | ) ) | |
| (Maureen Mary Yunkap Kwankam, Plaintiff-Appellant; Conrad F. Njamfa, Plaintiff-Appellee). | ) ) | |

JUSTICE PIERCE delivered the judgment of the court.
Presiding Justice Griffin and Justice Hyman concurred in the judgment.

**ORDER**

¶ 1    *Held*: Appeal dismissed for lack of jurisdiction.

¶ 2    Plaintiff Maureen Mary Yunkap Kwankam—acting *pro se* and in her individual capacity—

filed a notice of appeal from an order entered in the circuit court approving a settlement. Having

examined the record on appeal, we find that we lack jurisdiction and that we must dismiss

Maureen's appeal.

¶ 3                                    I. BACKGROUND

¶ 4      Patrick Nkamga Njamfa died in May 2007 when Kenya Airways Flight 507 crashed after takeoff from Douala International Airport in Cameroon. In April 2010, plaintiffs Maureen Mary Yunkap Kwankam and Conrad F. Njamfa, as co-special administrators of Patrick's estate, through counsel, filed a complaint asserting wrongful death and survival claims against defendants Kenya Airways, Ltd., Orix Aviation Systems, Ltd., Nissen Kaiun Kabushiki Kaisha, Orix Corp., and BOC Aviation Pte., Ltd. None of the defendants were served with a summons or complaint or filed any responsive pleadings. The parties, however, reached a settlement agreement. On June 16, 2016, plaintiffs, through counsel, sought an order approving the settlement agreement. The circuit court granted the motion the same day, and ordered that the settlement proceeds be held in an interest-bearing bank account until the parties provided the circuit court "with the final status of all proceedings in Cameroon as to the heirship of the [d]ecedent." The record reflects that there were ongoing proceedings in the Cameroonian courts to determine the beneficiaries of Patrick's estate, as there was a dispute over whether Patrick was the father of Maureen's children.

¶ 5      The record on appeal does not reflect any further filings or orders in the circuit court until May 28, 2019, when Conrad filed a *pro se* letter indicating that the Supreme Court of Cameroon fully determined the heirs of Patrick's estate. On June 28, 2019, Maureen filed a *pro se* "Motion To [B]e [H]eard in Court *Ex Parte*: [*sic*] For the Settlement and Distribution of Estate Property." The record does not contain a notice setting the motion for a hearing, and the circuit court did not enter any order on the motion. On July 10, 2019, Maureen filed a *pro se* notice of appeal, which listed the date of the judgment or order appealed from as June 16, 2018. The record on appeal does not contain any judgment or order entered on that date, and we assume that Maureen made a scrivener's error when attempting to identify the June 16, 2016, order approving the settlement.

¶ 6                                    II. ANALYSIS

¶ 7     We have an independent duty to ascertain our jurisdiction. Here, Maureen's notice of appeal only identifies the June 16, 2016, order approving the settlement. Her notice of appeal, however, was filed on July 10, 2019. An appeal is initiated by filing a notice of appeal, and "[n]o other step is jurisdictional." Ill. S. Ct. R. 301 (eff Feb 1, 1994). Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) provides that "[t]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from[.]" "In the absence of a properly filed notice of appeal, the appellate court lacks jurisdiction and must dismiss the appeal." *Huber v. American Accounting Ass'n*, 2014 IL 117293, ¶ 8 (citing *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011)). Here, even if the June 16, 2016, order was a final and appealable judgment, Maureen had 30 days from June 16, 2016, to file her notice of appeal. Her notice of appeal on July 10, 2019, was nearly three years late, and does not confer this court with jurisdiction to review the June 16, 2016, order.

¶ 8     We note that the circuit court did not enter any order on Maureen's *pro se* June 28, 2019, motion regarding the settlement and distribution of Patrick's estate, and there are no other orders entered by the circuit court that might even remotely serve as the basis of this court's jurisdiction over the June 16, 2016, order. In the absence of a properly filed and timely notice of appeal, we must dismiss Maureen's appeal.

¶ 9                                    III. CONCLUSION

¶ 10    For the foregoing reasons, Maureen's appeal is dismissed.

¶ 11    Appeal dismissed.