2021 IL App (1st) 200514-U

FIRST DIVISION
February 16, 2021

No. 1-20-0514

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| MAUREEN MARY YUNKAP KWANKAM and CONRAD F. NJAMFA, Co-Special Administrators of the Estate of Patrick Knamfa Njamfa, deceased, | ) ) ) ) | |
| Plaintiffs, | ) ) | Appeal from the Circuit Court of |
| v. | ) ) | Cook County |
| KENYA AIRWAYS, LTD.; ORIX AVIATION SYSTEMS, LTD.; NISSEN KAIUN KABUSHIKI KAISHA; ORIX CORPORATION; and BOC AVIATION PTE., LTD. | ) ) ) ) ) | No. 16 L 1950

The Honorable Kathy M. Flanagan, Judge Presiding. |
| Defendants, | ) ) | |
| (Maureen Mary Yunkap Kwankam, Plaintiff-Appellant; Conrad F. Njamfa, Plaintiff-Appellee). | ) ) | |

JUSTICE PIERCE delivered the judgment of the court.
Presiding Justice Walker and Justice Coghlan concurred in the judgment.

**ORDER**

¶ 1     *Held*: The judgment of the circuit court is affirmed.

¶ 2     Plaintiff, Maureen Mary Yunkap Kwankam—acting *pro se* and in her individual capacity—appeals from the circuit court's entry of a final order distributing the proceeds of a

settlement. The condition of the parties' briefs on appeal, as well as the record on appeal, leave us no choice but to affirm the circuit court's judgment.

¶ 3                                I. BACKGROUND

¶ 4      The following facts are supported by the record on appeal and our order in *Kwankam v. Kenya Airways, Ltd.*, 2020 IL App (1st) 191430-U (*Kwankam I*) dismissing a previous appeal in this matter. As we set forth in *Kwankam I*,

> "Patrick Nkamga Njamfa died in May 2007 when Kenya Airways Flight 507 crashed after takeoff from Douala International Airport in Cameroon. In April 2010, plaintiffs Maureen Mary Yunkap Kwankam and Conrad F. Njamfa, as co-special administrators of Patrick's estate, through counsel, filed a complaint asserting wrongful death and survival claims against defendants Kenya Airways, Ltd., Orix Aviation Systems, Ltd., Nissen Kaiun Kabushiki Kaisha, Orix Corp., and BOC Aviation Pte., Ltd. None of the defendants were served with a summons or complaint or filed any responsive pleadings. The parties, however, reached a settlement agreement. On June 16, 2016, plaintiffs, through counsel, sought an order approving the settlement agreement. The circuit court granted the motion the same day, and ordered that the settlement proceeds be held in an interest bearing bank account until the parties provided the circuit court "with the final status of all proceedings in Cameroon as to the heirship of the [d]ecedent." The record reflects that there were ongoing proceedings in the Cameroonian courts to determine the beneficiaries of Patrick's estate, as there was a dispute over whether Patrick was the father of Maureen's children.

The record on appeal does not reflect any further filings or orders in the circuit court until May 28, 2019, when Conrad filed a *pro se* letter indicating that the Supreme Court of Cameroon fully determined the heirs of Patrick's estate. On June 28, 2019, Maureen filed a pro se "Motion To [B]e [H]eard in Court *Ex Parte*: [*sic*] For the Settlement and Distribution of Estate Property." The record does not contain a notice setting the motion for a hearing, and the circuit court did not enter any order on the motion. On July 10, 2019, Maureen filed a *pro se* notice of appeal, which listed the date of the judgment or order appealed from as June 16, 2018. The record on appeal does not contain any judgment or order entered on that date, and we assume that Maureen made a scrivener's error when attempting to identify the June 16, 2016, order approving the settlement." *Id.* ¶¶ 4-5.

¶ 5    On January 21, 2020, we dismissed Maureen's appeal, finding that we lacked appellate jurisdiction because Maureen's notice of appeal was untimely. *Id.* ¶¶ 7, 11.

¶ 6    The record does not reflect any activity between Maureen's July 10, 2019, notice of appeal in *Kwankam I*, and February 25, 2020, when the circuit court entered a final order distributing the net proceeds of the settlement. The circuit court's order made the following findings and conclusions. The June 2016 settlement agreement provided that the net proceeds were to be distributed to Patrick's next of kin. Maureen and Conrad, however, disagreed about who were Patrick's next of kin. Maureen argued that she and her sons were Patrick's next of kin and the beneficiaries under the settlement because she was Patrick's lawful spouse at the time of his death, and that Patrick was the father of her two children, Patrick Nkamga Njamfa and Michael Nijmeni Njamfa. Maureen's children were born after Patrick's death, purportedly through artificial insemination. Conrad asserted, however, that Patrick and Maureen were divorced at the time of

3

Patrick's death, and that Maureen's children were not Patrick's lawful next of kin because they were born more than 300 days after Patrick's death. Conrad argued that Patrick's children from a previous marriage, Tiara-Marie Shilen Njamfa and Marcel Nkamga Njamfa, both minors, were Patrick's lawful heirs and next of kin. The dispute over who were Patrick's next of kin was litigated in the courts of Cameroon and that litigation concluded in July 2019 with a decision from the Supreme Court of Cameroon. Conrad filed a letter with the clerk of the circuit court attaching the Supreme Court of Cameroon's final decision. On February 25, 2020, the circuit court entered a written order distributing the proceeds of the previously approved settlement and found that Tiara-Marie and Marcel had been adjudicated to be Patrick's heirs and next of kin, that Maureen had been adjudicated not to be Patrick's spouse, and Maureen's children were adjudicated not be Patrick's heirs and next of kin. The circuit court distributed the net settlement proceeds to Conrad, as guardian of Tiara-Marie and Marcel.

¶ 7     Maureen filed a notice of appeal on March 13, 2020, from the circuit court's distribution order.

¶ 8                                   II. ANALYSIS

¶ 9     On appeal, Maureen raises two principal arguments. First, she argues that the circuit court erred by determining that Maureen was not Patrick's spouse at the time of his death. She contends that she married Patrick in Cameroon in 1999 but was unaware that Patrick had an existing marriage in the United States. She argues that her marriage to Patrick was nullified by the Cameroonian courts in 2010 but that those courts "recognized [Maureen] as a common law spouse who contracted the said marriage out of good faith ***." Second, she argues that the circuit court erred by distributing the entire settlement to Patrick's heirs because under Cameroonian law she

4

is entitled to 2/3 of the net settlement proceeds since she was Patrick's common law spouse at the time of his death with co-ownership of the marriage estate's property.

¶ 10    At the outset, we observe that Maureen's *pro se* appellate brief does not comply with our supreme court's rules. Maureen's brief—which in part utilizes our supreme court's approved form for appellant's briefs—does not contain a statement of jurisdiction, which is required by Illinois Supreme Court Rule 341(h)(4) (eff. May 25, 2018). Furthermore, neither Maureen's statement of facts nor her argument section contains any citations to the record on appeal, and she sparingly cites to the appendix of her brief to support factual assertions, in violation of Rules 341(h)(6) and (7), respectively, which require that an appellant's statement of facts and arguments contain references to the pages of the record on appeal. Accordingly, Maureen has forfeited all her arguments on appeal due to her noncompliance with Rule 341.

¶ 11    Next, Maureen's table of contents for the 490-page appendix does not contain page references to the record on appeal, and none of the appendix's pages are numbered sequentially, in violation of Rule 342 (eff. Oct. 1, 2019). And Maureen's appendix contains nearly twice as many pages as the entire 264-page record on appeal; many of the documents in her appendix are not included in the record. Materials that are not taken from the record on appeal generally cannot be placed before this court through an appellant's appendix. *Hubeny v. Chairse*, 305 Ill. App. 3d 1038, 1042 (1999).

¶ 12    In addition to the deficiencies we have identified with Maureen's brief, there are insurmountable problems that preclude us from granting Maureen any relief. While the parties' appellate briefs discuss Maureen's legal rights in the wake of the Cameroonian courts' decisions in the nine years of litigation between the parties to this appeal, the record on appeal before us contains no briefing on that issue—or any other issues—before the circuit court. Neither party

filed any pleadings or adversarial briefs arguing their respective positions on any substantive issue that was decided by the circuit court, and the record does not contain any transcripts of any hearings that might have taken place before the circuit court. In other words, the parties did not develop a record fleshing out any issues for our review. Furthermore, the arguments raised by the parties in this court are raised for the first time in this court and are largely based on decisions from the Cameroonian courts interpreting and applying Cameroonian law. But as this court has observed, "Illinois courts cannot take judicial notice of the laws of foreign countries." *Bangaly v. Baggiani*, 2014 IL App (1st) 123760, ¶ 145 (citing 735 ILCS 5/8-1007 (West 2010)). "[T]he laws of foreign countries must be pled and proven as any other fact." *Id.*

¶ 13     Here, it appears from out review of the record before us that Maureen did not attempt to introduce any aspect of Cameroonian law through any pleading, particularly what property rights she might have under Cameroonian law after her marriage to Patrick was nullified. While she directs our attention to several judgments entered by the Cameroonian courts purportedly resolving that issue, none of those judgments are contained in the record on appeal. The only Cameroonian judgment that appears in the record on appeal is the decision that Maureen's children were not Patrick's heirs and next of kin. As such, we cannot say that Maureen established that she was Patrick's surviving spouse at the time of his death because she failed to plead or prove her status as a surviving spouse under Illinois or Cameroonian law, and she failed to present any argument or evidence tending to show that she was entitled to any portion of the wrongful death settlement.

¶ 14     As a court of review, we rely on a complete record developed in the lower court and properly filed in this court. Without an acceptable record to support Maureen's legal arguments, we presume the judgment of the circuit court is correct and was based on the correct application

of the law. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). We therefore have no basis from which to disturb the circuit court's allocation and distribution of the settlement proceeds.

¶ 15                                    III. CONCLUSION

¶ 16    For the foregoing reasons, the judgment of the circuit court is affirmed.

¶ 17    Affirmed.