2025 IL App (1st) 250630-U

FIRST DISTRICT,
SIXTH DIVISION
November 7, 2025

No. 1-25-0630

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

| | | |
|---|---|---|
| EDMOND KWEDI EKAMBI, as receiver of the Estate of Patrick Nkamga Njamfa, | ) | |
| | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Appeal from the |
| CONRAD NJAMFA, MAUREEN KWANKAM, and FLOYD WISNER, | ) | Circuit Court of |
| | ) | Cook County, Illinois. |
| | ) | |
| Respondents | ) | No. 2022 L 050051 |
| | ) | |
| (Maureen Kwankam, | ) | Honorable |
| | ) | Stephen A. Swedlow, |
| Respondent-Appellant, | ) | Judge Presiding. |
| v. | ) | |
| | ) | |
| Conrad Njamfa, | ) | |
| | ) | |
| Respondent-Appellee). | ) | |

JUSTICE GAMRATH delivered the judgment of the court.
Presiding Justice C.A. Walker and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1   *Held*:   The circuit court properly dismissed a petition to register a 2010 decision of the high court of Cameroon that was reversed by the Supreme Court of Cameroon in 2023.

¶ 2   This is the latest chapter in a decades-long inheritance dispute with an extensive legal history. In 2007, Patrick Njamfa died in a plane crash. Legal proceedings were initiated in Cameroon to determine the proper beneficiaries of his estate.

¶ 3   Meanwhile, respondents Maureen Kwankam (Patrick's purported wife) and Conrad Njamfa (Patrick's brother), as co-special administrators of Patrick's estate, filed a wrongful death suit against the airline in the circuit court of Cook County. The suit was settled, and the court ordered the settlement proceeds held in escrow pending a final determination by the Cameroon courts as to the beneficiaries of Patrick's estate. In 2020, the court found the Cameroon proceedings had concluded and entered a final order directing the settlement proceeds to be distributed to Conrad as guardian of Patrick's two children.

¶ 4   In 2022, Edmond Ekambi, as receiver of Patrick's estate, filed the instant "Petition to Register Foreign Judgment" in the circuit court of Cook County, seeking to register a 2010 Cameroon judgment, which he claimed gave him authority to distribute the settlement proceeds. A year later, the Supreme Court of Cameroon reversed the judgment Ekambi sought to register. Ekambi abandoned his petition, and the circuit court granted Conrad's motion to dismiss. Kwankam, to whom the 2010 Cameroon judgment was favorable, filed the instant *pro se* appeal. Finding no merit in her claims, we affirm.

¶ 5                                 I. BACKGROUND

¶ 6                                 A. General Facts

¶ 7        On June 16, 1995, Patrick and Marie Pendar were married in Las Vegas, Nevada. On March 9, 1999, Patrick and Kwankam were married in Cameroon. The parties dispute whether Kwankam knew of Patrick's existing marriage when she married him, and there is no record of a divorce.

¶ 8        On May 5, 2007, Patrick died in a Kenya Airways plane crash in Cameroon. He was survived by two children: Marcel Njamfa (child of Pendar) and Tiara Njamfa (child of Jacqueline Patcha, who is not involved in this appeal). Fourteen months after Patrick's death, Kwankam gave birth to twins (Patrick Jr. and Michael) who are allegedly Patrick's children through artificial insemination.

¶ 9        Following Patrick's death, two legal proceedings were initiated in Cameroon. A proceeding was initiated to determine the proper beneficiaries of Patrick's estate (henceforth, the Cameroon heirship action). Separately, Marie filed a nullity of marriage action against Kwankam, seeking to have Kwankam's marriage with Patrick declared null on grounds of bigamy (henceforth, the Cameroon nullity of marriage action).

¶ 10                              B. Kenya Airways Litigation

¶ 11        In April 2010, Kwankam and Conrad, as co-special administrators of Patrick's estate, filed an action in the circuit court of Cook County asserting wrongful death and survival claims against Kenya Airways and others. A settlement agreement was reached in 2016. The circuit court ordered the settlement proceeds be held in escrow until the parties provided the court "with the final status of all proceedings in Cameroon as to the heirship of the [d]ecedent." *Kwankam v. Kenya Airways, Ltd.*, 2020 IL App (1st) 191430-U, ¶ 4 (*Kenya Airways I*) (dismissing Kwankam's untimely appeal from the court's 2016 order).

¶ 12        In 2019, Conrad wrote a *pro se* letter to the court stating the Cameroon heirship action had concluded and the Supreme Court of Cameroon had issued a final determination as to Patrick's heirs. On February 25, 2020, the circuit court entered a final order stating (1) Marcel and Tiara had been adjudicated as Patrick's lawful heirs, and (2) Kwankam and her children Patrick Jr. and Michael had been adjudicated as not being Patrick's spouse and heirs. Accordingly, the court ordered the settlement proceeds be paid to Conrad as guardian of Marcel and Tiara. We affirmed in *Kwankam v. Kenya Airways, Ltd.*, 2021 IL App (1st) 200514-U (*Kenya Airways II*), and subsequently affirmed the dismissal of Kwankam's section 2-1401 motion to vacate the court's 2020 order (*Kwankam v. Kenya Airways, Ltd.*, 2023 IL App (1st) 211465-U (*Kenya Airways III*)).

¶ 13                              C. The Instant Petition

¶ 14        On February 7, 2022, while the *Kenya Airways III* appeal was pending before this court, Ekambi filed the instant "Petition to Register Foreign Judgment" in the circuit court of Cook County. He named three parties as respondents: Kwankam, Conrad, and Floyd Wisner, the attorney holding the escrowed funds from the Kenya Airways litigation.

¶ 15        Ekambi sought to register a 2010 decision entered by the Cameroon High Court of Wouri-Douala in the nullity of marriage action (Judgment No. 402). In relevant part, the decision:

- Nullified Patrick and Kwankam's marriage, but recognized Kwankam's good faith and granted her rights as a putative spouse;

- Declared Kwankam's twin sons to be co-beneficiaries of Patrick's estate; and

- Appointed the notary public firm of Etoke Joel as receiver to distribute Patrick's estate among the beneficiaries of the estate. (Joel subsequently retired, and Ekambi was appointed as successor receiver.)

¶ 16    Ekambi acknowledged that Judgment No. 402 was not yet final, since Conrad's appeal to the Supreme Court of Cameroon was still pending. However, Ekambi claimed the appeal would not impact his "authority and obligation to collect and distribute the assets of Patrick." Ekambi demanded that Wisner release the escrowed funds to him pursuant to Judgment No. 402, but Wisner refused, stating that he would follow the 2020 Kenya Airways order unless directed otherwise by the court. Thus, Ekambi requested the circuit court register Judgment No. 402.

¶ 17    A year later, in 2023, the Supreme Court of Cameroon reversed Judgment No. 402. The court found Kwankam knew of Patrick's marital status when she married him and, due to her bad faith, she was not entitled to rights as a putative spouse. The court further ruled that because Kwankam's twin sons were born 14 months after Patrick's death, they "could not have been [Patrick's] children or benefit from the presumption of legitimacy."

¶ 18    Ekambi petitioned the Supreme Court of Cameroon to clarify his role as receiver in light of its 2023 judgment. In 2024, the Supreme Court of Cameroon issued a clarification stating that the heirship was final, and no distribution of property was sought on behalf of Marcel and Tiara. Thus, "the duty of distribution of the said property *** becomes meaningless" and Ekambi "no longer has any role to play in the enforcement of said judgments."

¶ 19    Conrad filed a motion to dismiss Ekambi's petition, attaching the Supreme Court of Cameroon's 2023 decision and 2024 clarification. Ekambi did not oppose the motion. On April 1, 2025, the trial court granted Conrad's motion to dismiss and dismissed Ekambi's petition with prejudice. Kwankam filed the instant appeal.

¶ 20                                    II. ANALYSIS

¶ 21        Despite this case's convoluted history, it is ultimately quite simple. Ekambi sought to register a 2010 Cameroon judgment that was not final and was subsequently reversed by the Supreme Court of Cameroon. The trial court properly dismissed the action. Kwankam, who already filed three unsuccessful appeals in the Kenya Airways action, has filed yet another appeal to this court in an ongoing effort to get the settlement proceeds distributed to her and her children. Her claims are without merit.

¶ 22        Although Conrad's motion to dismiss does not set forth what section of the Code of Civil Procedure it is brought under, it is best characterized as a motion under section 2-619(a)(9), which allows dismissal when "the claim asserted *** is barred by other affirmative matter avoiding the legal effect of or defeating the claim." 735 ILCS 5/2–619(a)(9) (West 2022). We review *de novo* the section 2-619 dismissal of a complaint. *Krilich v. American Nat'l Bank & Trust Co. of Chicago*, 334 Ill. App. 3d 563, 569 (2002).

¶ 23        Enforcement of foreign judgments in Illinois is governed by the Uniform Foreign-Country Money Judgments Recognition Act (Recognition Act) (735 ILCS 5/12-661 *et seq.* (West 2020)) and the Uniform Enforcement of Foreign Judgments Act (Enforcement Act) (735 ILCS 5/12-650 *et seq.* (West 2020)). See *Pnevmatikos v. Pappas*, 2025 IL App (1st) 230739, ¶ 43. The Recognition Act permits a party seeking recognition of a foreign judgment as an original manner to file an action for recognition. 735 ILCS 5/12-667 (West 2020). The judgment must be one that "grants or denies recovery of a sum of money" and is "final, conclusive, and enforceable" under the foreign country's law may be recognized by Illinois courts. 735 ILCS 5/12-663 (West 2020). If the court finds the judgment is entitled to recognition, that judgment is "(1) conclusive between the parties to the same extent as the judgment of a sister state entitled to

full faith and credit in this State would be conclusive; and (2) enforceable in the same manner and to the same extent as a judgment rendered in this State." 735 ILCS 5/12-667 (West 2020).

¶ 24    The Enforcement Act governs enforcement of "any judgment, decree, or order of a court of the United States or of any other court which is entitled to full faith and credit in this State." 735 ILCS 5/12-651 (West 2020). A judgment filed or registered under the Enforcement Act "shall be construed to be an original Illinois judgment from the date it is filed *** and for purposes of enforcement and revival, shall be treated in exactly the same manner as an Illinois judgment entered on that same date." 735 ILCS 5/12-652 (West 2020).

¶ 25    Here, Judgment No. 402 is plainly not entitled to recognition under the Recognition Act or registration under the Enforcement Act. The judgment was not final or conclusive when Ekambi filed his action. In fact, it was reversed a year later by the Supreme Court of Cameroon and, therefore, is not "entitled to full faith and credit in this State" (735 ILCS 5/12-651 (West 2020)).

¶ 26    Kwankam's appellate brief raises a whole host of issues that are outside the scope of this appeal. For instance, she argues the judgments of the Supreme Court of Cameroon denying her and her sons a share of Patrick's inheritance were wrongly decided, and "the Appellate Court should review the [inheritance] case on its own merit and substitute with its own ruling." She asserts (1) Marie lacked standing to file the Cameroon nullity of marriage action; (2) Conrad's appeal of said action to the Supreme Court of Cameroon was untimely; (3) the Supreme Court of Cameroon's 2023 judgment rests upon the testimony of witnesses who were supposedly "not credible"; (4) Conrad allegedly misappropriated funds from Patrick's estate for personal use; and (5) Conrad allegedly pulled strings with government officials to prevent Kwankam from

obtaining a travel visa to Cameroon. Kwankam further petitions "St Michael the Archangel" to "defend [herself and her sons] in battle."

¶ 27   It is well established that "a notice of appeal confers jurisdiction on a court of review to consider only the judgments or parts thereof specified in the notice of appeal." *People v. Smith*, 228 Ill. 2d 95, 104 (2008). Kwankam's notice of appeal specifies she is appealing from the trial court's April 1, 2025 order dismissing Ekambi's petition to register Judgment No. 402. Accordingly, our review is limited solely to the propriety of that order, and we need not consider the other contentions raised.

¶ 28                                III. CONCLUSION

¶ 29   We affirm the judgment of the circuit court dismissing the petition to register Judgment No. 402.

¶ 30   Affirmed.