2021 IL App (1st) 181654

No. 1-18-1654

Second Division

May 11, 2021

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 01 CR 17131 |
| | ) | |
| VERNON TOLBERT, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court, with opinion.
Justices McBride and Ellis concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Vernon Tolbert, proceeding *pro se*, appeals from the circuit court's September 2018 order denying his motion for forensic testing regarding actual innocence pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3 (West 2016)). Defendant contends the circuit court erred in finding that his request for forensic testing was without merit because it was a duplication of previous motions. For the following reasons, we dismiss defendant's appeal.

¶ 2                                    I. BACKGROUND

¶ 3    Following a 2002 jury trial, defendant was found guilty of first degree murder (720 ILCS 5/9-1(a) (West 2000)) and sentenced to 65 years' imprisonment, which included a 25-year firearm enhancement. On direct appeal, this court affirmed his conviction and sentence. *People v. Tolbert*, 354 Ill. App. 3d 94 (2004).

¶ 4    After defendant exhausted his right to direct review, he initiated a series of collateral attacks on his conviction, all of which were dismissed as lacking merit. In each action for which defendant sought appellate review, this court has affirmed. See *People v. Tolbert*, No. 1-04-2451 (2006) (unpublished order under Illinois Supreme Court Rule 23); *People v. Tolbert*, No. 1-05-2914 (2008) (unpublished order under Illinois Supreme Court Rule 23); *People v. Tolbert*, No. 1-06-2853 (2007) (unpublished order under Illinois Supreme Court Rule 23); *People v. Tolbert*, No. 1-09-2332 (2011) (unpublished summary order under Illinois Supreme Court Rule 23(c)); *People v. Tolbert*, No. 1-12-0373 (2013) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 5    Since our 2013 decision granting his appointed counsel's motion to withdraw pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987), defendant has filed numerous *pro se* pleadings in the circuit court, which we need not recount here. With the exception of one such filing, in which defendant successfully sought retesting of a beer bottle for fingerprints, the filings were deemed to be without merit.[1]

---

[1]In 2016, after the new fingerprint testing was completed, defendant's appointed counsel, who had assisted defendant in obtaining the new testing, drafted a successive postconviction petition asserting a claim of actual innocence. Subsequently, defendant requested that his appointed counsel withdraw, and he proceeded *pro se*.

¶ 6 In February 2018, defendant filed the motion at issue in this appeal. In April 2018, he filed a supplement to that motion purportedly seeking additional forensic testing on the beer bottle.[2] On June 7, 2018, the circuit court denied defendant's motion, finding that it lacked merit and was duplicative of his other filings. Defendant appealed.

¶ 7                                   II. JURISDICTION

¶ 8 Although the State raises no issue regarding jurisdiction, as a reviewing court, we have an independent duty to evaluate our jurisdiction to consider defendant's appeal. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). Illinois Supreme Court Rule 606(a) and (b) (eff. Mar. 12, 2021) provides that to appeal a final judgment in a criminal proceeding, the defendant must file a notice of appeal with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from. "The filing of a notice of appeal 'is the jurisdictional step which initiates appellate review.' " *Smith*, 228 Ill. 2d at 104 (quoting *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6, 7 (1998)). Unless a notice of appeal is properly filed, a reviewing court has no jurisdiction and is obliged to dismiss the appeal. *Id.* Indeed, "the appellate and circuit courts of this state *must* enforce and abide by the rules of [the supreme court]" and do not have the authority to excuse compliance with the filing requirements of the supreme court rules governing appeals. (Emphasis in original.) *People v. Lyles*, 217 Ill. 2d 210, 216 (2005). Whether we have jurisdiction is a question of law, which we review *de novo*. *People v. Salem*, 2016 IL 118693, ¶ 11.

¶ 9 Illinois Supreme Court Rule 373, which is applicable in criminal cases pursuant to Illinois Supreme Court Rule 612(b)(18) (eff. July 1, 2017), states as follows:

---

[2]The record on appeal does not include defendant's motion or its supplement.

"Unless received after the due date, the time of filing records, briefs or other documents required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. If received after the due date, the time of mailing by an incarcerated, self-represented litigant shall be deemed the time of filing. Proof of mailing shall be as provided in Rule 12. This rule also applies to a motion directed against the judgment and to *the notice of appeal filed in the trial court*." (Emphasis added.) Ill. S. Ct. R. 373 (eff. July 1, 2017).

Illinois Supreme Court Rule 12(b)(6) (eff. July 1, 2017) provides that, in the case of service by mail by an incarcerated *pro se* litigant, service is proved by certification under section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109 (West 2018)) of the person who deposited the document in the institutional mail, "*stating the time and place of deposit and the complete address to which the document was to be delivered*." (Emphasis added.) Thus, when a notice of appeal is filed outside the 30-day period following the order being appealed, the notice is deemed timely if the defendant attaches a proof of service in compliance with Rule 12(b)(6) showing it was mailed to the clerk of the circuit court within the 30-day period. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 215-16 (2009) (reasoning that the proof of mailing establishes "the date the document was timely mailed to confer jurisdiction on the appellate court").

¶ 10    Here, the circuit court entered its order denying defendant's motion for forensic testing on June 7, 2018.[3] Defendant's notice of appeal contains a file stamp dated July 12, 2018, which is

---

[3]We note that defendant's notice of appeal identifies June 19, 2018 as the date of the order from which he is appealing. A review of the record reveals that the order denying his motion was entered on June 7, 2018; however, the letter informing defendant of this decision is dated June 19, 2018.

outside the 30-day period in which defendant was required to file his notice of appeal. Accordingly, for this court to have jurisdiction over defendant's appeal, the record must establish defendant timely mailed his petition in accordance with Rules 373 and 12(b)(6).

¶ 11 We have carefully combed through the more than 1800 pages of the common law record in search of the requisite documents supporting defendant's appeal. Contained therein is defendant's notice of appeal dated July 5, 2018. Attached to the notice is an affidavit, signed by defendant, in which he avers that "everything stated in the attached notice of appeal dated 7-5-18, is true and correct to the best of [his] knowledge and belief," and that "it should also be mentioned that the prison is currently on lock-down and the prison notary public is unavailable to notarize the notice of appeal otherwise a notary would be thereon." The only other paper in the record that appears related to this appeal is the envelope in which the notice of appeal was purportedly mailed. The envelope is addressed to the clerk of the circuit court. In the upper right-hand corner of the envelope is a label from a Hasler postage meter, which indicates $0.50 of postage was paid for on July 6, 2018, which was one day prior to the expiration of the 30-day appeal period.

¶ 12 As an intermediate reviewing court, we are constrained by our supreme court's rules. Thus, we must determine whether defendant's postage metered label is competent evidence of timely mailing as required under Rules 373 and 12(b)(6). The governing regulations for postage meters are contained in the United States Postal Service (USPS) Domestic Mail Manual (U.S. Postal Serv., Mailing Standards of the United States Postal Service, Domestic Mail Manual (Apr. 5, 2021) https://pe.usps.com/cpim/ftp/manuals/dmm300/full/MailingStandards.pdf [https://perma.cc/ G5LE-TPKA] (hereinafter DMM)). The DMM has been incorporated by reference into the Code of Federal Regulations and thus, has the force of law. 39 C.F.R. § 111.1 (2005); see *People v.*

*Hanna*, 207 Ill. 2d 486, 497 (2003) ("Administrative regulations have the force and effect of law ***."). Thus, we take judicial notice of the pertinent regulations contained therein. See *PNC Bank, National Ass'n v. Wilson*, 2017 IL App (2d) 151189, ¶ 23.

¶ 13    A postage meter, which the DMM identifies as a "postage evidencing system," is defined as "a device or system of components a customer uses to print evidence ["indicia"] that postage required for mailing has been paid." DMM § 604.4.1.1. In addition to identifying the amount of postage paid, the indicia may also identify the postage meter provider (*id.* § 604.4.3.3(c)), as well as the date of mailing (*id.* § 604.4.6.1). According to the DMM, there are a limited number of authorized postage meter providers, one of which is Quadient, Inc., which owns Hasler (the name included in the postage meter label in this case). When a provider leases a postage meter, the provider enters into an agreement with USPS in which the provider "agrees to abide by all rules and regulations governing its use." *Id.* § 604.4.2.1. As to the mailing date, the DMM provides the following:

> "The date or period when mailers may deposit or present metered mail for mailing
>
> is controlled by the mailing date in the indicia under the following conditions:
>
> a. Complete Date. Mailpieces bearing a complete date in the indicia must be
>
> deposited or presented on that date, except for pieces entered after the day's last scheduled
>
> collection from the Post Office or collection box. Those may bear the actual date of entry
>
> or the date of the next scheduled collection from the Post Office or collection box. When
>
> authorized by USPS, presort mail accepted after midnight may bear the previous day's
>
> date. If the mailer knows that the mail is not to be deposited or presented on the date in the
>
> indicia, the mailer must use a date correction indicium under 4.5.1." *Id.* § 604.4.6.2.

Finally, a provider's usage of a postage meter may be denied for failure to comply with mailing standards, submission of false or incomplete information, or entering mailpieces for which there is a postage discrepancy into the mailstream. *Id.* § 604.4.2.4.

¶ 14    Based on the regulations, it appears that, with some exceptions, the date an item is metered is the date the item must be deposited or presented for mailing. In that regard, the postage metering system, which is regulated by the USPS, bears some similarities to a postmark. In *Huber v. American Accounting Ass'n*, 2014 IL 117293, our supreme court defined a postmark as " ' "an official postal marking on a piece of mail; *specif:* a mark showing the name of the post office and the date and sometimes the hour of mailing and often serving as the actual and only cancellation." ' " *Id.* ¶ 16 (quoting *Wickman v. Illinois Property Tax Appeal Board*, 387 Ill. App. 3d 414, 417 (2008), quoting Webster's Third New International Dictionary 1772-73 (1993)). Given the similarities between postmarks and postage meters, a determination regarding the evidentiary sufficiency of postmarks would lend support to a similar finding with respect to postage meters.

¶ 15    *Huber*, though factually inapposite, offers some insight. In *Huber*, the envelope containing the plaintiff's notice of appeal contained a postage label from an Automated Postal Center (APC). *Id.* ¶ 17. An APC, as described by the court, is a self-service kiosk, generally located in post office lobbies, that allows customers to mail letters and packages and access other postal services. *Id.* The plaintiff argued that an APC label, which showed the date of issue, was sufficient to establish when the notice of appeal had been mailed. *Id.* ¶ 18. The court rejected the argument, stating that the date of sale was not synonymous with the date the envelope was placed in the mail and within the custody of the post office. *Id.* Accordingly, the court held that the plaintiff failed to provide

either an attorney certificate or nonattorney affidavit and, thus, failed to provide proof of mailing pursuant to supreme court rules. *Id.* ¶ 12.

¶ 16    In its analysis, the *Huber* court reviewed the evolution of Rules 373 and 12(b)(3).[4] Rule 373, as originally adopted, permitted proof of mailing to be evidenced by a postmark affixed by a United States Post Office. *Id.* ¶ 13. In response to problems with illegible postmarks and, in some cases, delays in affixing postmarks, in 1981, the court amended the rule by eliminating postmarks as a method of proof. *Id.* Instead, proof of mailing was required by filing either an attorney certificate or nonattorney affidavit. *Id.* (citing Ill. S. Ct. R. 373, Committee Comments (rev. Jan. 5, 1981)). The court again amended the rule in 1993, this time to require proof of mailing as provided in Rule 12(b)(3). *Id.* Rule 373 was then also made applicable to the notice of appeal filed in the trial court. *Id.*

¶ 17    As the plaintiff's envelope in *Huber* did not display a postmark, the court had no occasion to consider whether a legible postmark might suffice as proof of timely mailing. We note, however, as did the court in *Huber*, that our appellate court had considered the issue. In the Second District, a divided court in *People v. Hansen*, 2011 IL App (2d) 081226, held that a clearly legible postmark was sufficient proof of timely mailing of notice of appeal. But see *People v. Lugo*, 391 Ill. App.

---

[4]Pursuant to Illinois Supreme Court Rule 12(b)(3) (eff. Nov. 15, 1992), service by mail was proved, "by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the paper in the mail, stating the time and place of mailing, the complete address which appeared on the envelope, and the fact that proper postage was prepaid." In 2017, Rule 373 was amended to require that "[p]roof of mailing shall be as provided in Rule 12." Ill. S. Ct. R. 373 (eff. July 1, 2017). At that same time, Rule 12 was also amended, adding methods of proof for electronic filing and e-mail; renumbering Rule 12(b)(3), (4) and (5); and, as relevant here, amending Illinois Supreme Court Rule 12(b)(4) (eff. Nov. 1, 2016) (proof of mailing by "*pro se* petitioner[s]") to Illinois Supreme Court Rule 12(b)(6) (eff. July 1, 2017) (proof of mailing by "self-represented litigant[s]"). Under prior Rule 12(b)(3) and (b)(4) and current Rule 12(b)(5) and (b)(6), proof of timely mailing requires a certificate stating the time and place of mailing and the complete address for delivery.

3d 995 (2009) (Second District case in which the majority, in construing Rule 373, held that the postmarks, even if legible, were not included in the plain language of the rule, which mandated compliance with Rule 12(b)(3), and thus could not serve as proof of timely mailing); see also *People v. Blalock*, 2012 IL App (4th) 110041 (postmarks deemed not acceptable as proof of timely mailing).

¶ 18    Recently, in *People v. Humphrey*, 2020 IL App (1st) 172837, a different division of this district determined that it had jurisdiction over the defendant's appeal where the notice was mailed in an envelope bearing a legible postmark and date reflecting that it was timely deposited into the mail. *Id.* ¶¶ 20-21. The court, in construing Rule 12(b)(6), followed the reasoning in *Hansen* and held that the failure to include the requisite certification was not necessarily fatal. *Id.* The majority in *Humphrey*, as did the majority in *Hansen*, reasoned that a legible postmark on or before the deadline date was a reliable indication of timely filing by a disinterested third party. *Id.* ¶ 19.

¶ 19    We agree with the reasoning in *Lugo*, which for its conclusion relied on well-settled principles of statutory construction. We note in that regard that our supreme court rules have the force of law. *In re Denzel W.*, 237 Ill. 2d 285, 294 (2010). Thus, when construing a supreme court rule, we apply the same principles as when we are construing a statute. *People v. Abdullah*, 2019 IL 123492, ¶ 25. Paramount among those principles is that where the language of the rule is plain and clear, we apply the rule as drafted, without resort to other tools. *People v. Grever*, 222 Ill. 2d 321, 328-29 (2006). It is not our role to write into a rule exceptions or to add language that otherwise does not exist. See *Lulay v. Lulay*, 193 Ill. 2d 455, 466 (2000).

¶ 20    Rule 373 and Rule 12(b)(6) are clear. We find it significant that the court, in amending Rule 373, eliminated postmarks as proof of mailing entirely, even legible ones. Neither the rule,

as amended, nor the court, subsequently in *Huber*, make any exception for when, or even if, the postmark is legible. The clearest indication that the rule intended to avoid any kind or quality of postmarks is its complete absence in the rules, with or without a qualifier. At the time of the rule's amendment, the goal was to eliminate the need to debate the question of timeliness on those occasions when the postmark was not legible. It was not the case that all postmarks were illegible. To read into the rule an exception for "legible postmarks" is to revert to a time when that method of proof was discarded in exchange for the certainty that Rule 12(b)(6) now provides.

¶ 21    We find no basis upon which to ignore the plain language of the rule, which requires for jurisdiction to be proper a certificate verifying the date, time, and address for delivery. In light of the history and express purpose for the rule, it is of no moment that other "objective proof of timely mailing" might be available. A determination as to whether such other proof satisfies the requirements of Rule 373 is a task which lies exclusively within the scope of our supreme court's rulemaking authority. See Ill. S. Ct. R. 3 (eff. July 1, 2017).

¶ 22    Further, the postage metering process is susceptible to defects and delays, in the same manner as are postmarks, the genesis for the 1981 amendments to Rule 373. The word "postmark" and its indicia as a method of proof have long since been abandoned by our court. Since then, the court has not seen fit to amend to the rule to permit any form of mail system generated verification absent an accompanying certification. Far be it for this court to determine which methods of proof may now be presumptively or implicitly included in the court's rules. Thus, because we find postmarks to have been excluded as proof of mailing under the rule, we find similarly with respect to postage meters.

¶ 23    Based on our review, the record does not establish that this court has jurisdiction, and we must, therefore, dismiss defendant's appeal. In reaching our conclusion, we note that proof of service to establish the timely filing of a notice of appeal is not a task with which defendant lacks familiarity. Such is demonstrated by the record, which is replete with copies of past certifications, properly completed and submitted by defendant in compliance with our supreme court's rules. Notably, in *Huber*, the court admonished that had the plaintiff complied with the affidavit or certificate requirement of Rule 12(b)(3), any uncertainty in the date he mailed his notice of appeal arising out of the use of the APC label would have been eliminated. We express a similar viewpoint here with respect to defendant's failure to comply with the requirement of Rule 12(b)(6).

¶ 24    We note in passing that, not only did our review fail to disclose the requisite verification of certification, neither did it disclose copies of defendant's February 21, 2018, motion for forensic testing nor its April 30, 2018, supplement. Thus, even if jurisdiction were proper, the record would not support reversal. In the absence of a complete record, we resolve any doubts which may arise from the record against the appellant (*Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984)), and we indulge every reasonable presumption in favor of the judgment appealed from, including that the circuit court ruled or acted correctly (*Smolinski v. Vojta*, 363 Ill. App. 3d 752 ,757-58 (2006)).

¶ 25                                    III. CONCLUSION

¶ 26    In sum, the record before us does not establish this court has jurisdiction to consider defendant's appeal and we must, therefore, dismiss it.

¶ 27    Appeal dismissed.

---

**No. 1-18-1654**

---

| | |
|---|---|
| **Cite as:** | *People v. Tolbert*, 2021 IL App (1st) 181654 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 01-CR-17131; the Hon. James B. Linn, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Vernon Tolbert, of Pontiac, appellant *pro se*. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Alan J. Spellberg, Assistant State's Attorney, of counsel), for the People. |

---