2022 IL App (1st) 200626-U

No. 1-20-0626

Order filed January 20, 2022

Fourth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 14 CR 17006 |
| | ) | |
| WUILZON CRUZ, | ) | Honorable |
| | ) | Thaddeus L. Wilson, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Presiding Justice Reyes and Justice Rochford concurred in the judgment.

**ORDER**

¶ 1    *Held*:  We dismiss defendant's appeal for lack of jurisdiction where the record does not establish that he filed a timely notice of appeal.

¶ 2    Defendant Wuilzon Cruz appeals from the circuit court's order summarily dismissing his

*pro se* petition for relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.*

(West Supp. 2019)). Defendant argues that his petition stated the gist of a claim that interpreters failed to adequately translate his trial proceedings. We dismiss.[1]

¶ 3    Following a bench trial, defendant was found guilty of aggravated criminal sexual assault (720 ILCS 5/11-1.30(a) (West 2014)), aggravated kidnapping (720 ILCS 5/10-2(a)(3) (West 2014)), robbery (720 ILCS 5/18-1(a) (West 2014)), and aggravated battery (720 ILCS 5/12-3.05(a)(5) (West 2014)), and sentenced to 36 years' imprisonment. Defendant appealed, arguing that the sentence was excessive, and we affirmed. *People v. Cruz*, 2019 IL App (1st) 162689-U.

¶ 4    On October 22, 2019, defendant filed a *pro se* petition under the Act. Defendant claimed, in relevant part, that he could not speak or understand English, and the Spanish interpreters in the trial court were not fluent in Spanish and failed to adequately translate the proceedings despite him repeatedly stating he did not understand them. Defendant also filed a motion for appointment of counsel requesting, in part, a "good" Spanish translator, as in prior proceedings the State "played on" his lack of English skills and "manipulated" him. Defendant attached an affidavit from an inmate who averred that he assisted defendant in preparing the materials.

¶ 5    On January 17, 2020, the circuit court summarily dismissed defendant's petition and instructed the clerk of the circuit court to notify defendant "within the time period required by law." The clerk notified defendant with a certified report of disposition dated January 27, 2020, which, according to the case summary report, was mailed that day.

¶ 6    Defendant filed a notice of appeal, dated February 17, 2020, which the clerk of the circuit court stamped as received and filed on February 27, 2020. Defendant also filed a handwritten letter

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

dated February 15, 2020, which the clerk stamped as received and filed on February 27, 2020. The letter is addressed to the clerk of the circuit court and reads:

"I am respectfully writing this letter to inform the cook county clerk that I wish to appeal my case (it was denied on January 17, 2020)[.] I also woul [*sic*] like to notify the clerk that the reason I have not filed the proper documents is because I have not had access to the law library to make copies of my notice of appeal; [h]owever, as soon as I get access to the law library I will mail out the proper documents to the clerk[.]"

[F]inally, I am sending a notice of the—[.]"

¶ 7      The copy of the letter contained in the record on appeal ends with this incomplete sentence, but additional text, which is illegible but appears to have been handwritten on the opposite side of the original document, is faintly discernible. The record also contains an envelope addressed to the clerk of the circuit court, with defendant's return address and a postage meter dated February 18, 2020. The clerk of the circuit court stamped the envelope as received on February 27, 2020.

¶ 8      On March 6, 2020, the circuit court entered a written order appointing the Office of the State Appellate Defender and noting that defendant's "February 27, 2020" notice of appeal was "timely per proof of service."

¶ 9      On appeal, defendant argues that his petition stated the gist of a constitutional claim that the Spanish interpreters did not adequately translate his trial proceedings.

¶ 10     Although the parties do not raise the issue, we must consider our jurisdiction. *People v. Smith*, 228 Ill. 2d 95, 104 (2008) (reviewing court has independent duty to consider jurisdictional issues). To perfect an appeal in a postconviction case, a defendant must file a notice of appeal with the clerk of the circuit court within 30 days after the entry of the final judgment against him.

Ill. S. Ct. R. 606(a), (b) (eff. July 1, 2017); see also Ill. S. Ct. R. 651(d) (eff. July 1, 2017) (appeals in postconviction proceedings controlled by rules governing criminal appeals). "The timely filing of a notice of appeal is both jurisdictional and mandatory." *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 213 (2009). Absent a properly filed notice of appeal, the reviewing court has no jurisdiction over the appeal and must dismiss it. *Smith*, 228 Ill. 2d at 104.

¶ 11    Generally, a notice of appeal is deemed filed on the date on which it is received by the clerk. Ill. S. Ct. R. 373 (eff. July 1, 2017) ("[T]he time of filing records, briefs or other documents required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. *** This rule also applies to *** the notice of appeal filed in the trial court"); see also Ill. S. Ct. R. 612(b)(18) (eff. July 1, 2017) (applying Rule 373 to criminal cases). However, if an incarcerated, *pro se* defendant's document is received after its due date, the time of filing is the time of mailing, as provided in Rule 12. Ill. S. Ct. R. 373 (eff. July 1, 2017). In turn, Rule 12 provides that service by mail by an incarcerated, *pro se* defendant is proved by certification pursuant to section 1-109 of the Code of Civil Procedure (Code) (735 ILCS 5/1-109 (West 2020)) of the person who deposited the document in the mail, stating the time and place of deposit and the complete delivery address. Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017). Section 1-109 allows certification under penalty of a Class 3 felony that the contents of a document are true to the best of the person's knowledge. 735 ILCS 5/1-109 (West 2020).

¶ 12    Thus, we will accept as timely a notice of appeal filed more than 30 days following judgment if the defendant attaches proof of service pursuant to Rule 12(b)(6) showing that he mailed it to the clerk of the circuit court within the 30-day period. *People v. Tolbert*, 2021 IL App (1st) 181654, ¶ 9 (citing *Secura*, 232 Ill. 2d at 215-16). When computing the time, we exclude the

first day and include the last day, although we exclude the last day and any successive day if it is a weekend or holiday. 5 ILCS 70/1.11 (West 2020).

¶ 13　　The circuit court dismissed defendant's petition on January 17, 2020. The time for defendant to file a timely notice of appeal therefore expired on Tuesday, February 18, 2020, as Monday, February 17, 2020, was a holiday, Presidents Day. Ill. S. Ct. R. 606(b) (eff. July 1, 2017); 5 ILCS 70/1.11 (West 2020). The clerk of the circuit court received and filed defendant's notice of appeal on February 27, 2020. Thus, to establish our jurisdiction, the record must show that defendant mailed the notice on or before February 18, 2020. *Tolbert*, 2021 IL App (1st) 181654, ¶ 10.

¶ 14　　The record does not establish that defendant mailed the notice on or before February 18, 2020. Although the record contains an envelope with a postage meter dated February 18, 2020, postage meters are insufficient proof of mailing for purposes of Rules 373 and 12(b)(6). *Id.* ¶¶ 12-22. Rather, the rules require certification pursuant to section 1-109 of the date, time, and address for delivery. *Id.* ¶¶ 20-21.

¶ 15　　The record does not contain a certification pursuant to section 1-109 of the Code. Defendant dated his notice of appeal February 17, 2020, and his letter February 15, 2020, but did not state the date and time he placed the documents in the mailbox or that he did so under the penalties provided by section 1-109. See 735 ILCS 5/1-109 (West 2020) (requiring person to certify the truth of document's contents under penalties described in section 1-109); Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017) (service proved by certification under section 1-109 of the person who deposited the document in institutional mail, stating time and place of deposit and complete delivery address). We lack authority to excuse a failure to comply with the filing requirements

mandated by our supreme court rules. *People v. Salem*, 2016 IL 118693, ¶ 19. Accordingly, the record does not establish our jurisdiction and we must dismiss defendant's appeal. *Tolbert*, 2021 IL App (1st) 181654, ¶ 23.

¶ 16 Lastly, this is not a case where the circuit court failed to timely provide defendant with notice of the circuit court's January 17, 2020, summary dismissal of his petition. See *People v. Brewer*, 2021 IL App (1st) 182638, ¶¶ 32, 38 (following *People v. Fikara*, 345 Ill. App. 3d 144, 158 (2003) (if circuit court clerk fails to comply with requirement of Illinois Supreme Court Rule 651(b) (eff. July 1, 2017) to "at once" notify defendant of summary dismissal, reviewing court must treat untimely notice of appeal as petition for leave to file late notice of appeal and consider the appeal's merits)). The record shows that the clerk of the circuit court sent defendant notification of the decision on January 27, 2020, 10 days following the entry of judgment in accordance with section 122-2.1(a)(2) of the Act. 725 ILCS 5/122-2.1(a)(2) (West 2020) (order summarily dismissing postconviction petition "shall be served upon the petitioner by certified mail within 10 days of its entry"); see also *People v. Robinson*, 217 Ill. 2d 43, 57 (2005) (in concluding section 122-2.1(a)(2) is directory rather than mandatory, noting "[b]ecause 30 days minus 10 leaves 20 [days in which to file a notice of appeal], and because it is not difficult to prepare a notice of appeal, there are likely to be many cases, like the case at bar, in which the right to appeal is unaffected by untimely service.").

¶ 17 It is defendant's burden, as the appellant, to establish our jurisdiction. *In re Marriage of Salviola*, 2020 IL App (1st) 182185, ¶ 36; see also Ill. S. Ct. R. 341(h)(4)(ii) (eff. Oct. 1, 2020) (appellant's brief must include statement explaining basis of appellate court's jurisdiction); Ill. S. Ct. R. 612(b)(9) (eff. July 1, 2017) (applying Rule 341 to criminal appeals). Further, our

jurisdiction must be apparent on the appellate record (*Tunca v. Painter*, 2012 IL App (1st) 093384, ¶ 25), which the appellant bears the burden of providing (*People v. Resendiz*, 2020 IL App (1st) 180821, ¶ 35). Defendant's brief asserts that we have jurisdiction as he timely mailed his notice of appeal on February 18, 2020. As discussed, the record does not establish that he mailed his notice of appeal on that date. Thus, he has not established that we have jurisdiction over his appeal.

¶ 18 For the foregoing reasons, we dismiss defendant's appeal.[2]

¶ 19 Appeal dismissed.

---

[2] We note that, although this court lacks authority to excuse compliance with the filing requirements of the supreme court rules, defendant could move for a supervisory order from our supreme court directing us to consider the merits of the appeal. See Ill. S. Ct. R. 383 (eff. July 1, 2017); Ill. Const. 1970, art. VI, § 16; *People v. Lyles*, 217 Ill. 2d 210, 220 (2005).