2025 IL App (1st) 220808

FIFTH DIVISION
October 31, 2025

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

No. 1-22-0808

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 05 CR 9114 |
| | ) | |
| DEMETRIUS HEMPHILL, | ) | Honorable |
| | ) | Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE MIKVA delivered the judgment of the court, with opinion.
Presiding Justice Mitchell and Justice Tailor concurred in the judgment.

**OPINION**

¶ 1 Defendant Demetrius Hemphill appeals from an order of the circuit court denying his *pro se* petition for relief from judgment filed under section 2-1401(f) of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401(f) (West 2022)). We have no choice but to dismiss this appeal for lack of jurisdiction because, although Mr. Hemphill appears to have deposited his notice of appeal in the prison mail system several days in advance of the due date, he failed to certify the mailing date in accordance with our supreme court's rules, and the notice was received by the clerk one day after his notice of appeal was due.

¶ 2 Mr. Hemphill has a long history in this court of appealing, without success, orders of the circuit court. The State contends that this appeal also would have been unsuccessful. We cannot

reach the merits of that argument or of Mr. Hemphill's claims, because we lack jurisdiction based on the absence of a timely notice of appeal. More specifically, although Mr. Hemphill's notice of appeal was accompanied by a letter to the clerk of the circuit court that stated: "I'm putting said notice of appeal in the pontiac correctional center mail bag at 11:00 pm on 5-19-22," which would have made the notice of appeal timely mailed, in accordance with the mailbox rule set out in Illinois Supreme Court Rule 373 (eff. July 1, 2017), Mr. Hemphill failed to provide a certification of mailing in accordance with Illinois Supreme Court Rule 12 (eff. July 1, 2017), and the incorporation in that rule of the certification requirements found in section 1-109 of the Code (735 ILCS 5/1-109 (West 2022)). Thus, his notice of appeal failed to comply with the mailbox rule and must be considered untimely.

¶ 3                                        I. BACKGROUND

¶ 4        Following a 2006 bench trial, Mr. Hemphill was convicted of first degree murder for fatally shooting Jovon Booker and was sentenced to 58 years in prison. On direct appeal, Mr. Hemphill argued that his conviction should be reduced to second degree murder based on his unreasonable belief that he needed to use self-defense. This court rejected that argument and affirmed Mr. Hemphill's conviction. *People v. Hemphill*, No. 1-08-0908 (2010) (unpublished order under Illinois Supreme Court Rule 23).

¶ 5        In March 2011, Mr. Hemphill filed his initial *pro se* petition under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2010)), which was summarily dismissed by the circuit court. On appeal, this court allowed appellate counsel to withdraw, citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987), and affirmed that judgment. *People v. Hemphill*, No. 1-11-1488 (2012) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 6    In December 2011, Mr. Hemphill filed a *pro se* motion for ballistics testing pursuant to section 116-3 of the Code of Criminal Procedure of 1963 (725 ILCS 5/116-3 (West 2010)), which was denied by the circuit court. On appeal, this court again allowed appellate counsel to withdraw, citing *Finley*, and affirmed that judgment. *People v. Hemphill*, No. 1-14-3241 (2016) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 7    In June 2014, Mr. Hemphill filed a *pro se* successive postconviction petition under the Act. The circuit court found that Mr. Hemphill failed to satisfy the cause and prejudice test and denied him leave to file the successive petition. On appeal, this court again allowed appellate counsel to withdraw, citing *Finley*, and affirmed that judgment. *People v. Hemphill*, No. 1-16-0478 (2017) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 8    In May 2019, Mr. Hemphill mailed to the circuit court a *pro se* motion for leave to file a second successive postconviction petition under the Act. Mr. Hemphill asserted in that motion that the trial court in his case had refused to consider all the self-defense factors that had been "certified into law" by the trial court in People v. Van Dyke, No. 17-CR-4286 (Cir. Ct. of Cook County). Based on this, Mr. Hemphill argued that his constitutional rights to due process and equal protection were violated when his first degree murder conviction was not reduced to second degree murder. The circuit court denied Mr. Hemphill leave to file the successive postconviction petition. On appeal, this court allowed appellate counsel to withdraw, citing *Finley*, and affirmed that judgment. *People v. Hemphill*, No. 1-19-2288 (2021) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 9    On February 1, 2022, Mr. Hemphill, through an "Inmate Legal Assistant," filed the *pro se* petition for relief from judgment under section 2-1401(f) of the Code that is the subject of this appeal. In this petition Mr. Hemphill alleged the "trier of fact" committed numerous "errors of

fact," including (1) misconstruing the Illinois legislature's intent of second degree murder and erroneously omitted mitigating evidence of self-defense; (2) failing to consider that a person who did not initially provoke the use of force against himself had no duty to attempt to escape the danger before using force against the aggressor, "[e]specially since the defendant was not in control of his means of transport"; (3) overlooking the fact that during the defense's preponderance of testimonial evidence at trial, John Evans and Kendrick Guyton would have supported Mr. Hemphill's defense of self-defense; (4) failing to consider trial counsel was ineffective for failing to compel witnesses John Evans and Harvey King by subpoena; (5) committing a dereliction of duty by relegating defense testimony to the sentencing phase instead of granting the motion for a new trial; (6) failing to recognize Mr. Hemphill was prejudiced by trial counsel's incompetence, which caused the court to enter a conviction rather than grant a new trial; and (7) failing to recognize that Mr. Hemphill requested a finding of second degree murder and that the court would have found him guilty of that offense considering his legal mental state of imperfect self-defense. Mr. Hemphill asked the court to set aside his conviction and order a new trial or to reduce his conviction to second degree murder and resentence him.

¶ 10    On March 3, 2022, Mr. Hemphill filed a *pro se* amended section 2-1401 petition arguing the court should set aside the firearm sentencing enhancement because it was an unconstitutional disproportionate penalty that allowed for an improper double enhancement and violated due process. Mr. Hemphill further argued that his trial counsel was ineffective for failing to present, under *People v. Lynch*, 104 Ill. 2d 194 (1984), all of the available evidence of Mr. Booker's violent character, which Mr. Hemphill argued would have supported his claim that he acted in self-defense and that Mr. Booker was the aggressor. In addition, Mr. Hemphill claimed his trial counsel was ineffective for persuading him not to testify in his own defense. Mr. Hemphill stated that his

counsel failed to advise him about the theory of the case, the required evidence, the elements necessary to establish self-defense, and the consequences of him not testifying in his own defense. Mr. Hemphill argued that he had satisfied all the elements of a self-defense claim and, thus, the trial court should have found him guilty of the lesser offense of second degree murder.

¶ 11    On April 22, 2022, the circuit court denied Mr. Hemphill's section 2-1401 petition. The court found that Mr. Hemphill's argument was "merely a restatement of a claim that Hemphill has repeatedly and unsuccessfully raised on direct appeal and post-conviction proceedings since his conviction." The court found his claims frivolous and patently without merit.

¶ 12    Mr. Hemphill mailed three copies of a handwritten notice of appeal to the clerk of the circuit court from prison. As his proof of service, Mr. Hemphill included a handwritten, one-paragraph letter addressed to the clerk stating that he was submitting three copies of his notice of appeal and requesting a stamped filed copy. That letter was addressed to the "Clerk of the Circuit Court, Iris Martinez" but contained no address. It stated, "I'm putting said notice of appeal in the pontiac correctional center mail bag at 11:00 pm on 5-19-22[.]" The record reflects that the notice was stamped by the clerk of the circuit court on May 24, 2022. The envelope, which is in the record, is also addressed to Iris Martinez and has an address of 2650 S. California Room 526, Chicago, Illinois, 60608. The envelope also bears Mr. Hemphill's prison address and says, "Legal mail sent out to you on 5-19-22 at 11:00 pm!!!"

¶ 13    The circuit court entered an order on June 3, 2022, stating that "on May 24, 2022, a notice of appeal [had] been filed (timely per proof of service) in the above named case from a judgment order entered against the Defendant on, April 22, 2022" and appointed the Office of the State Appellate Defender to represent Mr. Hemphill on appeal.

¶ 14    On September 30, 2022, the Office of the State Appellate Defender filed a motion to

withdraw, citing *Finley*, with a supporting memorandum concluding that there were no issues of arguable merit that could be raised on appeal. In response, on December 29, 2022, Mr. Hemphill filed a *pro se* motion with this court requesting the appointment of counsel other than the appellate defender. On January 9, 2023, this court declined to appoint Mr. Hemphill substitute appellate counsel but allowed him to proceed *pro se*.

¶ 15    In the brief that he filed, Mr. Hemphill says nothing about any of the claims raised in his section 2-1401 petition. Instead, he raises two new claims. He contends that his trial and appellate counsel were ineffective because they failed to properly raise, argue, and preserve for appeal issues regarding (1) the "undisputed fact" that Mr. Hemphill's interrogation was not filmed in its entirety as required by Illinois law; and (2) "Mr. Hemphill not receiving separate jury verdict forms as the new substantive rule requires."

¶ 16                                II. ANALYSIS

¶ 17    While the State also addresses the merits of Mr. Hemphill's arguments, it begins with the assertion that this court must dismiss Mr. Hemphill's appeal for lack of jurisdiction because he failed to file a timely notice of appeal. The State argues that, although Mr. Hemphill noted that he mailed his notice of appeal from prison on May 19, 2022, the mailbox rule does not apply here because Mr. Hemphill neglected to include the required proof of mailing in compliance with Illinois Supreme Court Rules 373 and 12 (eff. July 1, 2017).

¶ 18    On the merits, the State points out that (1) Mr. Hemphill's claims on appeal are forfeited because they were not raised in his section 2-1401 petition; (2) his claims of ineffective assistance of counsel are not viable in a section 2-1401 petition; (3) the circuit court properly denied the petition as untimely because it was filed long after the two-year period of limitations had expired; and (4) Mr. Hemphill's new claims lack merit.

¶ 19    Even if the State had not raised the issue of the timeliness of Mr. Hemphill's notice of appeal, this court has an independent duty to determine whether it has jurisdiction to consider a defendant's appeal. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). To confer jurisdiction on the appellate court, a defendant must file a timely notice of appeal. *People v. Tolbert*, 2021 IL App (1st) 181654, ¶ 8. If a notice of appeal is not properly filed, the appellate court has no jurisdiction and must dismiss the appeal. *Id.*

¶ 20    Mr. Hemphill is appealing from the circuit court's order entered April 22, 2022, denying his section 2-1401 petition. He was required to file his notice of appeal with the clerk of the circuit court within 30 days. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); see *People v. Vincent*, 226 Ill. 2d 1, 8 (2007) (civil rules apply to section 2-1401 petitions even when filed in a criminal context). An appellate court has jurisdiction only when a notice of appeal has been filed with the clerk of the circuit court within 30 days after the final judgment being appealed has been entered. *People v English*, 2023 IL 128077, ¶ 36.

¶ 21    The thirtieth day after the circuit court order was entered was May 22, 2022, which was a Sunday. Therefore, Mr. Hemphill had until Monday, May 23, 2022, to file his notice of appeal. See 5 ILCS 70/1.11 (West 2022). The clerk received Mr. Hemphill's notice of appeal on May 24, 2022, one day late.

¶ 22    Rule 373(b) contains the mailbox rule, which provides that the time of mailing shall be considered the time of filing for any filing exempt from electronic filing. Rule 373 was amended, effective February 1, 2024, but not in a way that has any impact on this case. Both at the time that Mr. Hemphill filed his notice of appeal in 2022, as well as now after the amendment, if his notice of appeal was received after the due date, it would—so long as certain requirements were met— be deemed to have been filed at the time he mailed it. Ill. S. Ct. R. 373 (eff. July 1, 2017); Ill. S.

Ct. R. 373 (eff. Feb. 1, 2024).

¶ 23    Rule 373 states—both now and prior to its amendment—that proof of mailing must be as provided in Illinois Supreme Court Rule 12, although after the amendment, it specifically cites Rule 12(b). Rule 12(b)(6) in turn provides that: "Service is proved *** by a self-represented litigant residing in a correctional facility, by certification under section 1-109 of the Code of the person who deposited the document in the institutional mail, stating the time and place of deposit and the complete address to which the document was to be delivered." Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017).

¶ 24    Section 1-109 of the Code requires a certification from a person "having knowledge of the matters." 735 ILCS 5/1-109 (West 2022). The statute provides that the person:

> "shall subscribe to a certification in substantially the following form: Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true." *Id.*

¶ 25    As our supreme court has recently reaffirmed, Mr. Hemphill's failure to comply with Rule 12(b)(6) and the incorporated certification requirements of section 1-109 of the Code prevent him from relying on the mailbox rule. See *People v. Shunick*, 2024 IL 129244, ¶ 66. The *Shunick* court agreed with the petitioner in that case that Rule 12(b)(6) should be construed such that proof of mailing need not "contain the contents of the rule verbatim" so long as it was "substantially compliant." *Id.* ¶ 31. However, the court went on to clarify that to be in "substantial compliance," an incarcerated litigant must file a certificate that tracks the language cited above from section 1-109, specifically stating that the representations are made " '[u]nder penalties as provided by

law pursuant to Section 1-109 of the Code of Civil Procedure' " and that they are "true and correct." *Shunick,* 2024 IL 129244, ¶¶ 36, 41-52 (quoting 735 ILCS 5/1-109 (West 2020)). In addition, the filed certificate is required to "state the complete address to which the document is to be delivered." *Id.* ¶ 60.

¶ 26 Mr. Hemphill filed his notice of appeal with a letter to the clerk that stated, "I'm putting said notice of appeal in the pontiac correctional center mail bag at 11:00 pm on 5-19-22[.]" That document, however, contained no "certification," no statement that it was being made under the penalties provided under section 1-109 or that the statement as to when and where the notice of appeal was placed for mailing was "true and correct." In addition, that letter did not contain a statement as to what address the notice of appeal was sent to. It was therefore not a certification as required by section 1-109 and failed to substantially comply with Rule 12(b)(6). *Id.* ¶¶ 46, 52, 60. We cannot accept Mr. Hemphill's letter to the clerk as proof that he timely mailed his notice of appeal on May 19, 2022.

¶ 27 This case suggests that it could be helpful for self-represented individuals residing in a correctional facility to have a template to obtain the benefit of the mailbox rule, when necessary to ensure a timely notice of appeal, in either a civil or a criminal case. Absent such a template, someone seeking to take advantage of the mailbox rule would need to consult the requirements found in two different Supreme Court rules and the Code of Civil Procedure.

¶ 28 A self-represented litigant residing in a correctional facility seeking to file a notice of appeal could substantially comply with the requirements of Rule 373, Rule 12(b)(6), and section 1-109 of the Code of Civil Procedure and thereby obtain the benefit of the mailbox rule by filing a certificate of mailing in the following form:

CERTIFICATE OF MAILING (ILLINOIS SUPREME COURT RULE 12(b)(6))

I, [YOUR FULL NAME], certify, under penalty of perjury as provided in section 1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), that the statements set forth in this instrument are true and correct.

I am a self-represented litigant residing in a correctional facility.

On [DATE YOU PUT THE DOCUMENT IN THE INSTITUTIONAL MAIL], at [TIME YOU PUT THE DOCUMENT IN THE INSTITUTIONAL MAIL], I deposited a document entitled Notice of Appeal  in the institutional mail at [NAME OF THE CORRECTIONAL FACILITY], located at [FULL ADDRESS OF THE CORRECTIONAL FACILITY].

The document was addressed to:

> [FULL NAME AND FULL ADDRESS OF THE CIRCUIT COURT
>
> CLERK FOR THE COUNTY IN WHICH THE CASE WAS HEARD]
>
> [STREET ADDRESS]
>
> [CITY, STATE, ZIP CODE]

Dated: [DATE YOU SIGN THIS CERTIFICATE]

[YOUR SIGNATURE]

[YOUR FULL NAME]

[YOUR INMATE NUMBER]

¶ 29    Of course, the requirements for availing oneself of the mailbox rule are in addition to other requirements for filing a notice of appeal in civil or criminal cases, which are contained in other supreme court rules. The mailbox rule is also available for other court filings from self-represented incarcerated litigants in either circuit court or the reviewing courts (see Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017)), and the certification set forth above would need to be modified to reflect the

document that is being filed as well as the appropriate clerk of the court for those filings.

¶ 30    Appeal dismissed.

---

*People v. Hemphill*, 2025 IL App (1st) 220808

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 05-CR-9114; the Hon. Alfredo Maldonado, Judge presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Demetrius Hemphill, of Pontiac, appellant *pro se*. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Eileen O'Neill Burke, State's Attorney, of Chicago (John E. Nowak, Erin K. Slattery, and Brian K. Hodes, Assistant State's Attorneys, of counsel), for the People. |

---