2026 IL App (1st) 241506-U

No. 1-24-1506

Order filed June 24, 2026

Third Division

NOTICE: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 21 CR 6430 |
| DEVIN HEMPHILL, | ) ) | Honorable Stanley J. Sacks, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE LAMPKIN delivered the judgment of the court.
Justices Rochford and Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Appeal dismissed for lack of jurisdiction where defendant failed to establish that his notice of appeal was timely filed.

¶ 2    Following a jury trial, defendant Devin Hemphill was convicted of three counts of predatory criminal sexual assault of a child under the age of 13 (720 ILCS 5/11-1.40(a)(1) (West 2020)), and two counts of aggravated sexual abuse of a minor under the age of 13 (720 ILCS 5/11-1.60(c)(1)(i) (West 2020)). He was sentenced to an aggregate 25 years in prison. On appeal,

defendant challenges one of his convictions for predatory criminal sexual assault on the theory that the trial court instructed the jury with the incorrect definition of "sexual penetration." Because defendant has not established that his notice of appeal was timely filed, we dismiss the appeal for lack of jurisdiction. [1]

¶ 3     At trial, the victim D.S. testified that on March 1, 2021, defendant rubbed her buttocks from behind with his penis and touched her bare breasts, then penetrated her vagina digitally, orally, and forcibly with his penis. D.S. was 12 years old at the time. Analysis of DNA evidence, collected from D.S.'s vagina and compared against defendant's DNA profile, identified defendant as "54 quintillion times" more likely to be the contributor than an unknown, unrelated individual.

¶ 4     After closing arguments, the court instructed the jury, "[t]he term 'sexual penetration,' means any contact, however slight, between the sex organ of one person and an object, the sex organ or mouth of another person. An individual's finger can be considered an 'object' within the statutory definition of sexual penetration."

¶ 5     The jury found defendant guilty of all counts.

¶ 6     On June 14, 2024, the court heard and denied defendant's motion for a new trial before imposing 25 years' imprisonment. After sentencing, the court admonished defendant, in relevant part, "You have to [appeal] within 30 days of today's date." The record does not reflect that defendant filed a motion to reconsider sentence.

¶ 7     Defendant's notice of appeal was file-stamped by the clerk of the circuit court of Cook County on July 16, 2024. The clerk's case summary sheet indicates that defendant filed his notice

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

of appeal on July 16, 2024. A notice of filing, also file-stamped on July 16, 2024, by the clerk of the circuit court, is attached to defendant's notice of appeal. The notice of filing lists the Cook County State's Attorney's Office as the intended recipient and further states that defendant's counsel filed the notice of appeal with the clerk of the circuit court of Cook County, and, via email, served a copy of the notice of appeal to the State's Attorney's office on July 14, 2024.

¶ 8    On July 19, 2024, the circuit court entered an order stating: "On July 16, 2024, a notice of appeal having been filed (timely per proof of service) in the above named case from a judgment order entered against the Defendant on[] June 14, 2024." The clerk's case summary sheets indicate that the trial court held a hearing that day, but the record lacks a transcript of those proceedings.

¶ 9    On appeal, defendant argues that the court issued the jury an incorrect definition of "sexual penetration." Specifically, defendant contends that a body part, such as defendant's finger, does not qualify as an object and that the State was instead required to prove beyond a reasonable doubt that defendant's finger intruded, rather than contacted, D.S.'s vagina. See 720 ILCS 5/11-0.1 (West 2020) (defining sexual penetration as (1) "any contact, however slight, between the sex organ or anus of one person and an object or the sex organ, mouth, or anus of another person," or (2) "any intrusion, however slight, of any part of the body of one person or of any animal or object into the sex organ or anus of another person, including, but not limited to, cunnilingus, fellatio, or anal penetration"). Defendant alternatively contends that trial counsel was ineffective for failing to object to the definition of "sexual penetration" provided to the jury.

¶ 10    Although the State does not raise the issue, we have an independent duty as a reviewing court to consider our jurisdiction. *People v. Tolbert*, 2021 IL App (1st) 181654, ¶ 8. Pursuant to Illinois Supreme Court Rule 606(a) and (b) (eff. Apr. 15, 2024), a defendant must file a timely

notice of appeal to confer jurisdiction on the appellate court. *Tolbert*, 2021 IL App (1st) 181654, ¶ 8. Absent a timely-filed notice of appeal, this court lacks jurisdiction and must dismiss the appeal. *Id.* As our supreme court has instructed, "the appellate and circuit courts of this state *must* enforce and abide by the rules of [the supreme court]" and we lack the authority to overlook noncompliance with the filing requirements of the supreme court rules governing appeals. (Emphasis in original.) *People v. Lyles*, 217 Ill. 2d 210, 216 (2005). Defendant, as the appellant, bears the burden of establishing jurisdiction. Ill. S. Ct. R. 341(h)(4) (eff. Oct. 1, 2020). "Whether we have jurisdiction is a question of law, which we review *de novo*." *Tolbert*, 2021 IL App (1st) 181654, ¶ 8.

¶ 11     In a direct appeal from a criminal conviction, the notice of appeal "must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment" that the defendant seeks to appeal. Ill. S. Ct. R. 606(b) (eff. Apr. 15, 2024). If a motion directed against the judgment is timely filed, then the notice of appeal must be filed within 30 days of the entry of the order disposing of that motion. *Id.* If the 30-day deadline falls on a Saturday, Sunday, or holiday, then that day is excluded, and the deadline becomes the following day that the courts are open. See 5 ILCS 70/1.11 (West 2024). The notice of appeal is considered filed on the date on which it is "actually received" by the trial court. See Ill. S. Ct. R. 373(a), (c) (eff. Feb. 1, 2024) (applied to criminal cases pursuant to Illinois Supreme Court Rule 612(b)(18) (eff. July 1, 2017)).

¶ 12     Here, the court denied defendant's motion for new trial and imposed sentence on June 14, 2024. The record does not reflect that defendant filed a motion to reconsider sentence. Thus, defendant was required to file his notice of appeal with the clerk of the circuit court within 30 days. Ill. S. Ct. R. 606(b) (eff. Apr. 15, 2024). Because July 14, 2024, was a Sunday, defendant had until Monday, July 15, 2024, to file his notice of appeal. 5 ILCS 70/1.11 (West 2024). However,

defendant did not file his notice of appeal until the clerk received it on July 16, 2024. See Ill. S. Ct. R. 373 (a notice of appeal is considered filed on the day it is received by the trial court). Accordingly, defendant's notice of appeal is untimely and we do not have jurisdiction to entertain the appeal. *Tolbert*, 2021 IL App (1st) 181654, ¶ 8.

¶ 13 We are not persuaded by defendant's jurisdictional statement, which states that "[e]xcluding holidays, notice of appeal was timely filed on July 16, 2024." Defendant does not identify the purported holiday or any other reason for the circuit to have been closed on July 15, 2024. Moreover, this court could not identify any July 15, 2024, holiday that would have prevented the circuit court from accepting a timely-filed notice of appeal.

¶ 14 Nor are we persuaded by the trial court's order stating that the notice of appeal was timely filed per "proof of service." Proof of service shall be provided with the notice of appeal as provided by Rule 12. Ill. S. Ct. R. 303(c) (eff. July 1, 2017). Under Rule 12, service via electronic transmission through the court electronic filing system is proven through "an automated verification of electronic service," and the submitted document receives an electronic stamp of the time and date of filing. Ill. S. Ct. R. 12(b) (eff. July 1, 2017). Service by email requires certification under section 1-109 of the Code of Civil Procedure (Code) (735 ILCS 5/1-109 (eff. Jan. 1, 2019)) of "the person who initiated the transmission, stating the date of the transmission and the e-mail address of each recipient." Ill. S. Ct. R. 12(b)(2) (eff. July 1, 2017). Service by mail requires certification of "the person who deposited the document in the mail, stating the time and place of mailing or delivery, the complete address that appeared on the envelope or package, and the fact that proper postage or the delivery charge was prepaid" under section 1-109 of the Code. Ill. S. Ct. R. 12(b)(5) (eff. July 1, 2017). And service by "personal, office, or residential delivery" requires

certification under section 1-109 of "the person who made delivery, stating the time and place of delivery." Ill. S. Ct. R. 12(b)(4) (eff. July 1, 2017).

¶ 15    We have searched every page of the record on appeal, and have found no electronic stamp to indicate that the notice of appeal was filed electronically, no envelope to indicate that the notice of appeal was mailed to the court, and no other certification of proof of service to show that defendant timely filed a notice of appeal by email, mail, or personally, or otherwise, with the circuit court by July 15, 2024.

¶ 16    Moreover, the "Notice of Filing" that defense counsel sent to the State "is not adequate proof that the notice of appeal was submitted" to the court on July 14, 2024. *People v. Tlatenchi*, 391 Ill. App. 3d 705, 719 (2009) (citing *Secura Ins. Co. v. Illinois Farmers Ins. Co.*, 232 Ill. 2d 209, 216-17 (2009)). Although the "Notice of Filing" refers to the notice of appeal, it is directed only to the State, not the court, and at most shows that defense counsel timely served notice upon the State.

¶ 17    Accordingly, because defendant has not established that his notice of appeal was timely filed, we must dismiss this appeal for lack of jurisdiction. *Tolbert*, 2021 IL App (1st) 181654, ¶ 8; *Lyles*, 217 Ill. 2d 210, 220 (2005) ("the appellate court must enforce the [supreme court] rules as written").

¶ 18    Appeal dismissed.