# Illinois Official Reports

## Supreme Court

<div style="border: 1px solid black; padding: 10px;">

*Huber v. American Accounting Ass'n*, 2014 IL 117293

</div>

| | |
|---|---|
| Caption in Supreme Court: | WILLIAM DENNIS HUBER, Appellant, v. AMERICAN ACCOUNTING ASSOCIATION, Appellee. |
| Docket No. | 117293 |
| Filed | November 20, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | A notice of appeal received late may be deemed timely if mailed within the requisite 30 days as shown by an attorney's certificate or a nonattorney's affidavit; but where this was not done, a mailing date was not established by the date shown on a postage label from a self-service kiosk, which indicated only a purchase date rather than placement in the mail—appeal properly dismissed for lack of jurisdiction. |
| Decision Under Review | Appeal from the Appellate Court for the Fourth District; heard in that court on appeal from the Circuit Court of Sangamon County, the Hon. John P. Schmidt, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on
Appeal

William D. Huber, of Miami, Florida, appellant *pro se*.

Donald R. Tracy and Stephanie R. Hammer, of Brown, Hay &
Stephens, LLP, of Springfield, for appellee.

Justices

JUSTICE THEIS delivered the judgment of the court, with opinion.
Chief Justice Garman and Justices Freeman, Thomas, Kilbride,
Karmeier, and Burke concurred in the judgment and opinion.

## OPINION

¶ 1    At issue is the timeliness of plaintiff's notice of appeal, which was received by the clerk of the circuit court after the 30-day deadline. Plaintiff argued before the appellate court that a clear postmark on the envelope proved that it was mailed prior to the deadline, and the notice was thus timely. The appellate court held that plaintiff provided insufficient proof of timely mailing, and dismissed plaintiff's appeal for lack of jurisdiction. 2014 IL App (4th) 130278-U.

¶ 2    For the reasons that follow, we affirm the judgment of the appellate court.

## BACKGROUND

¶ 4    On August 11, 2011, plaintiff, William Huber, filed a petition in the circuit court of Sangamon County seeking judicial dissolution of defendant corporation, American Accounting Association. In January 2013, defendant filed a motion to dismiss plaintiff's then second-amended petition pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2012)). On March 6, 2013, the trial court held a telephone conference with the parties, and heard argument on defendant's motion. The trial court granted the motion and dismissed plaintiff's petition.

¶ 5    Plaintiff appealed, challenging the merits of defendant's motion. Defendant argued, however, that the appeal should be dismissed for lack of jurisdiction. Defendant observed that plaintiff's notice of appeal was due no later than April 5, 2013, but that the clerk of the circuit court did not receive the notice until April 9, 2013. Relying on this court's rules governing notices of appeal, defendant maintained that where a notice of appeal is mailed and received after the 30-day deadline, the notice will be deemed timely filed only if timely mailed, and timely mailing may only be proven by a certificate of the attorney or affidavit of a nonattorney, neither of which plaintiff provided. Plaintiff countered that a clear, legible postmark is the best proof of mailing, and that the postmark on the envelope in which he mailed his notice of appeal (a copy of which appears in the record) discloses a timely mailing date of April 3, 2013, two days before the deadline.    The appellate court dismissed plaintiff's appeal for lack of jurisdiction, holding that proof of a postmarked envelope does not serve as a substitute for the omitted affidavit or certificate that Supreme Court Rules 373 and 12(b)(3) require. 2014 IL App (4th) 130278-U, ¶¶ 20-21.

¶ 6    We allowed plaintiff's petition for leave to appeal. Ill. S. Ct. R. 315(a) (eff. July 1, 2013).

¶ 7                                    ANALYSIS

¶ 8    Appellate review is initiated by the filing of a notice of appeal. *General Motors Corp. v. Pappas*, 242 Ill. 2d 163, 176 (2011); Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). When timely filed, a notice of appeal "divests the trial court of jurisdiction and confers jurisdiction upon the appellate court." *Harrisburg-Raleigh Airport Authority v. Department of Revenue*, 126 Ill. 2d 326, 341 (1989). "No other step is jurisdictional." Ill. S. Ct. R. 301 (eff. Feb. 1, 1994). In the absence of a properly filed notice of appeal, the appellate court lacks jurisdiction and must dismiss the appeal. *General Motors*, 242 Ill. 2d at 176.

¶ 9    The timeliness of plaintiff's notice of appeal is governed by this court's rules. *Chand v. Schlimme*, 138 Ill. 2d 469, 476 (1990). Whether the appellate court properly applied those rules when it determined that plaintiff's notice of appeal was untimely filed is a legal issue that we review *de novo*. See *People v. Thompson*, 238 Ill. 2d 598, 606 (2010).

¶ 10   Rule 303 states that "[t]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from," or "within 30 days after the entry of the order disposing of the last pending postjudgment motion." Ill. S. Ct. R. 303(a)(1) (eff. June 4, 2008). Here, the trial court's final judgment dismissing plaintiff's petition was entered March 6, 2013. Plaintiff did not file a postjudgment motion. Thus, plaintiff was required to file his notice of appeal within 30 days of March 6, 2013, *i.e.*, no later than April 5, 2013. Plaintiff does not dispute that his notice of appeal was due April 5, 2013, nor does he dispute that the notice was not received by the clerk of the circuit court until April 9, 2013. Although the notice of appeal was received after the 30-day deadline, this fact alone does not determine whether plaintiff's notice was timely.

¶ 11   Under Rule 373, which expressly applies to "the notice of appeal filed in the trial court," if a notice is received after the due date, "the time of mailing, *** shall be deemed the time of filing." Ill. S. Ct. R. 373 (eff. Dec. 29, 2009). Accordingly, if plaintiff mailed his notice of appeal on or before April 5, 2013, it was timely filed. Rule 373 states that "[p]roof of mailing *** shall be as provided in Rule 12(b)(3)." *Id.* Rule 12(b)(3), in turn, states that where service is by mail, service is proved:

"by certificate of the attorney, or affidavit of a person other than the attorney, who deposited the document in the mail ***, stating the time and place of mailing ***, the complete address which appeared on the envelope or package, and the fact that proper postage *** was prepaid[.]" Ill. S. Ct. R. 12(b)(3) (eff. Jan. 4, 2013).

¶ 12   Plaintiff did not provide either an attorney certificate or nonattorney affidavit, and thus failed to provide the proof of mailing required by our rules. That notwithstanding, plaintiff argues that a legible postmark is sufficient proof of mailing.

¶ 13   As originally adopted in 1967, Rule 373 provided that time of mailing "may be evidenced by a post mark affixed in and by a United States Post Office." Ill. S. Ct. R. 373. Because of problems with illegible postmarks, and delays in affixing postmarks in some cases, we amended Rule 373 in 1981 by eliminating that method of proof, and instead requiring that proof of mailing shall be made by filing an attorney certificate or nonattorney affidavit, stating the date and place of mailing and the fact that proper postage was prepaid. Ill. S. Ct. R. 373, Committee Comments (revised Jan. 5, 1981). In 1993, we again amended the rule,

requiring that "[p]roof of mailing shall be as provided in Rule 12(b)(3)." Ill. S. Ct. R. 373 (eff. Feb. 1, 1994). At the same time, we also made Rule 373 expressly applicable to "the notice of appeal filed in the trial court." *Id.*

¶ 14 Plaintiff acknowledges this progression in our rules, but maintains that the affidavit requirement was not intended to supplant other objective, competent proof of mailing, and that a legible postmark must be accepted as proof of mailing. See *People v. Hansen*, 2011 IL App (2d) 081226, ¶ 14 (holding that clearly legible postmark provided sufficient proof of timely mailing of notice of appeal). According to plaintiff, the postmark on the envelope in which he mailed his notice of appeal clearly reveals that he mailed the notice on April 3, 2013, two days prior to the deadline.

¶ 15 Defendant disputes that a postmark is sufficient proof of mailing under our rules. See *People v. Lugo*, 391 Ill. App. 3d 995, 1000 (2009) (holding that postmark does not satisfy the proof of mailing requirement of Rules 373 and 12(b)(3)); *People v. Blalock*, 2012 IL App (4th) 110041, ¶ 11 (same). This aside, defendant contends that plaintiff's argument is fatally flawed because the envelope in which plaintiff mailed his notice of appeal does not contain a postmark. We agree with defendant's contention.

¶ 16 A postmark is " 'an official postal marking on a piece of mail; *specif* : a mark showing the name of the post office and the date and sometimes the hour of mailing and often serving as the actual and only cancellation.' " *Wickman v. Illinois Property Tax Appeal Board*, 387 Ill. App. 3d 414, 417 (2008) (quoting Webster's Third New International Dictionary 1772-73 (1993)). The United States Postal Service describes a postmark as follows:

> "A postmark is an official Postal Service™ imprint applied in black ink on the address side of a stamped mailpiece. A postmark indicates the location and date the Postal Service accepted custody of a mailpiece, and it cancels affixed postage. ***
> ***
>
> A 'local' postmark shows the full name of the Post Office, a two-letter state abbreviation, ZIP Code™, and date of mailing." *1-1.3 Postmarks*, United States Postal Service Handbook, http://about.usps.com/handbooks/po408/ ch1_003.htm (last visited Oct. 23, 2014).

The envelope in which plaintiff mailed his notice of appeal does not disclose any postal marking fitting any of these descriptions.

¶ 17 What plaintiff identifies as a "postmark," appearing in the upper right hand corner of the envelope, is actually a postage label from an Automated Postal Center (APC). An APC is a self-service kiosk, generally located in post office lobbies, that allows customers to mail letters and packages, buy postage, look up ZIP Codes, and access other postal services, such as "USPS Tracking," and certified mail. *Glossary of Postal Terms*, United States Postal Service Publication 32 (July 2013), http://about.usps.com/publications/pub32.pdf (last visited Oct. 23, 2014). All postage and shipping labels required to complete such transactions are printed and dispensed at the kiosk. *Use of Self-Service Kiosks*, United States Postal Service, https://www.usps.com/shop/use-self-service-kiosks.htm (last visited Oct. 23, 2014). The postage label at issue here reveals on its face that it was dispensed at an "APC." An "APC label does not constitute an official U.S. postmark." *Darden v. Daniel*, 2009-1097 (La. 9/4/09) p. 1-2; 16 So. 3d 1162, 1163 (*per curiam*).

¶ 18       At oral argument, plaintiff maintained that even if an APC label is not a postmark, the APC label affixed to the envelope in which he mailed his notice of appeal shows the date of issue was April 3, 2013, thus establishing when the notice was mailed. We disagree. The APC label shows only a "Date of sale" of "04/03/13." The date of sale is not necessarily the date plaintiff placed the envelope in the mail and the post office took custody of it. See *McNamara v. Ohio Department of Job & Family Services*, 2010 Ohio 5619, at ¶ 3 (where APC stamp was dated February 10, but postmark was dated February 16, appeal was untimely because the evidence established only that the plaintiff purchased the APC stamp on February 10, "not that he mailed the notice of appeal on that same date"); Richard P. Weiss, *Invalid Affixed Postage*, PostalMag.com (Apr. 22, 2010), http://postalmag.com/refdesk.htm (last visited Sept. 29, 2014) ("[S]tamps generated from APC machines show the date of SALE, NOT the date of mailing. The date of mailing need not match the date of sale."). Thus, even if we concluded that Rule 12(b)(3) allows other methods of proof of mailing—an issue we need not address—the APC label at best indicates that plaintiff *may* have mailed his notice of appeal on April 3, 2013. The APC label does not establish that plaintiff, in fact, did so. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 216 (2009) (holding that cover letter that accompanied notice of appeal at best indicated that the notice "may" have been mailed on that date, and was insufficient for purposes of Rule 12(b)(3)).

¶ 19       Had plaintiff complied with the affidavit or certificate requirement of Rule 12(b)(3), any uncertainty in the date he mailed his notice of appeal arising out of the use of an APC postage label would have been eliminated. Plaintiff's failure to do so rendered his notice of appeal, received after the 30-day deadline, untimely. Because the timely filing of a notice of appeal is jurisdictional (*General Motors*, 242 Ill. 2d at 176), we affirm the judgment of the appellate court dismissing plaintiff's appeal for lack of jurisdiction.

¶ 20       Affirmed.