2021 IL App (1st) 182390-U

No. 1-18-2390

Second Division

June 15, 2021

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 01 CR 17131 |
| | ) | |
| VERNON TOLBERT, | ) | Honorable |
| | ) | James B. Linn, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE COBBS delivered the judgment of the court.
Justices McBride and Ellis concurred in the judgment.

**ORDER**

¶ 1   *Held*:  We dismiss defendant's appeal where the record does not establish this court's jurisdiction.

¶ 2   Defendant, Vernon Tolbert, proceeding *pro se*, appeals from the circuit court's September 2018 denial of his petition for relief from judgment filed under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2018)). On appeal, defendant contends the circuit court erred when it found the matters raised in his petition were entirely frivolous and not cognizable under section 2-1401. We dismiss defendant's appeal for lack of jurisdiction.

¶ 3                                    I. BACKGROUND

¶ 4      Following a 2002 jury trial, defendant was found guilty of first-degree murder (720 ILCS 5/9-1(a) (West 2000)), and sentenced to 65 years' imprisonment, which included a 25-year firearm enhancement. On direct appeal, this court affirmed his conviction and sentence. *People v. Tolbert*, 354 Ill. App. 3d 94 (2004).

¶ 5      After defendant exhausted his right to direct review, he initiated a series of collateral attacks on his conviction, none of which were meritorious. On those occasions in which appellate review was sought, this court has affirmed. See *People v. Tolbert*, Nos. 1-04-2451 & 1-04-2531 (cons.) (2006); No. 1-05-2914 (2008) (unpublished order under Supreme Court Rule 23); No. 1-06-2853 (2007) (unpublished order under Supreme Court Rule 23); No. 1-09-2332 (2011) (unpublished order under Supreme Court Rule 23); No. 1-12-0373 (2013) (unpublished order under Supreme Court Rule 23).

¶ 6      In 2013, pursuant to *Pennsylvania v. Finley*, 481 U.S. 551 (1987),we granted appointed counsel's motion to withdraw. Since then, defendant has filed countless *pro se* pleadings in the circuit court. With the exception of one such filing, in which defendant successfully sought retesting of a beer bottle for fingerprints, the filings were deemed unmeritorious.[1]

¶ 7      In July 2018, defendant filed the petition at issue in this appeal, which was denied by the circuit court in a September 21, 2018 written order.[2] In denying the petition, the court found

---

[1] After the new fingerprint testing was completed, defendant's appointed attorney, who had assisted defendant in obtaining the new testing, drafted a successive postconviction petition asserting a claim of actual innocence. Subsequently, defendant requested that his appointed counsel withdraw and proceeded *pro se*.

[2] Our review of the record has not yielded a copy of defendant's 2-1401 petition. We note that on October 22, 2020, defendant filed a motion seeking to have this court direct the circuit court clerk to transmit the July 2018 filed petition, which we allowed. A second motion, filed on November 13, 2020, to the same effect was denied as moot. Finally, a third motion, filed December 15, 2020, sought to have this

defendant's claims were frivolous and not cognizable under section 2-1401. It noted defendant's petition did not address errors of fact, assert his conviction was void, or "allege any violation that would support the vacatur of modification of his conviction."

¶ 8    On appeal, defendant contends the circuit court erred by finding his claims were frivolous and not cognizable under section 2-1401.

¶ 9                                    II. JURISDICTION

¶ 10    Although the State raises no issue regarding jurisdiction, as a reviewing court, we have an independent duty to evaluate our jurisdiction to consider defendant's appeal. *People v. Smith*, 228 Ill. 2d 95, 104 (2008). Illinois Supreme Court Rule 606(a) and (b) (eff. Mar. 12, 2021) provides that to appeal a final judgment in a criminal proceeding, the defendant must file a notice of appeal with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from. "The filing of a notice of appeal 'is the jurisdictional step which initiates appellate review.' " *Smith*, 228 Ill. 2d at 104 (quoting *Niccum v. Botti, Marinaccio, DeSalvo & Tameling, Ltd.*, 182 Ill. 2d 6, 7 (1998)). Unless a notice of appeal is properly filed, a reviewing court has no jurisdiction and is obliged to dismiss the appeal. *Id.* Indeed, "the appellate and circuit courts of this state *must* enforce and abide by the rules of [the supreme court]" and do not have the authority to excuse compliance with the filing requirements of the supreme court rules governing appeals. (Emphasis in original.) *People v. Lyles*, 217 Ill. 2d 210, 216 (2005). Whether we have jurisdiction is a question of law, which we review *de novo*. *People v. Salem*, 2016 IL 118693, ¶ 11.

---

court take judicial notice of the July 18, 2018 filing, which we denied. The trial court's September order, however, references the 2-1401 petition as having been filed on July 18, 2018.

¶ 11     Illinois Supreme Court Rule 373, which is applicable in criminal cases pursuant to Illinois Supreme Court Rule 612(b)(18) (eff. July 1, 2017), states as follows:

"Unless received after the due date, the time of filing records, briefs or other documents required to be filed within a specified time will be the date on which they are actually received by the clerk of the reviewing court. If received after the due date, the time of mailing by an incarcerated, self-represented litigant shall be deemed the time of filing. Proof of mailing shall be as provided in Rule 12. This rule also applies to a motion directed against the judgment and to *the notice of appeal filed in the trial court*." (Emphasis added.) Ill. S. Ct. R. 373 (eff. July 1, 2017).

¶ 12     Illinois Supreme Court Rule 12(b)(6) (eff. July 1, 2017) provides that, in the case of service by mail by an incarcerated *pro se* litigant, service is proved by certification under section 1-109 of the Code (735 ILCS 5/1-109 (West 2018)) of the person who deposited the document in the institutional mail, "*stating the time and place of deposit and the complete address to which the document was to be delivered.*" (Emphasis added.) Thus, when a notice of appeal is filed outside the 30-day period following the order being appealed, the notice is deemed timely if the defendant attaches a proof of service in compliance with Rule 12(b)(6) showing it was mailed to the clerk of the circuit court within the 30-day period. See *Secura Insurance Co. v. Illinois Farmers Insurance Co.*, 232 Ill. 2d 209, 215-16 (2009) (reasoning that the proof of mailing establishes "the date the document was timely mailed to confer jurisdiction on the appellate court").

¶ 13     Here, the circuit court entered its order denying defendant's section 2-1401 petition on September 21, 2018. Because the thirtieth day fell on a Sunday, defendant's notice of appeal was due on the next weekday, Monday, October 22, 2018. See 5 ILCS 70/1.11 (West 2018). Defendant's notice of appeal contains a file stamp dated October 24, 2018, which is outside the

30-day period in which defendant was required to file his notice of appeal. Accordingly, for this court to have jurisdiction over defendant's appeal, the record must establish defendant timely mailed his petition in accordance with Rules 373 and 12(b)(6). The procedures of which, we might add, are neither new nor foreign to this defendant.

¶ 14     We are aware that dismissal of an appeal is a harsh result. Thus, we have painstakingly reviewed this extensive record in search of the requisite documents to support our jurisdiction. Contained therein is defendant's notice of appeal dated October 10, 2018. Written on the notice is an affidavit, also dated October 10, 2018 and signed by defendant, wherein he avers that "everything stated in the above entitled 'notice of appeal' is true and correct to the best of my knowledge and belief," and that "it should also be mentioned that the prison notary public is not available at this time [or] otherwise a notary would be hereon said document." Defendant does not state the date on which he filed his notice of appeal but asserts that it "was timely filed within 30 days" of the September 21, 2018, order. The only other paper in the record which appears related to this appeal is the envelope in which the notice of appeal was purportedly mailed. The envelope is addressed to the clerk of the circuit court. In the upper right corner of the envelope is a label from a Pitney Bowes postage meter, which indicates $0.50 of postage was paid for within the 30-day period.[3]

¶ 15     We have also reviewed our own records, which indicate that, on November 13, 2018, this court informed defendant his notice of appeal had been filed in this court and docketed as General No. 1-18-2390. See *Auto-Owners Insurance Co. v. Konow*, 2016 IL App (2d) 150860, ¶ 7

---

[3]The stamp from the postage meter is partially legible and appears to read either "OCT 10 2018" or "OCT 11 2018," but either date is within the 30-day period.

(appellate court may take notice of its own records). However, the letter informing defendant does not indicate the date on which the notice of appeal was filed in the circuit court.

¶ 16    Critically, missing in the record is the requisite proof of service in compliance with Rule 12(b)(6). Defendant's affidavit, even though referencing a date within the 30-day timeframe to file notice, does not establish when his notice of appeal was placed into the institutional mail. See Ill. S. Ct. R. 12(b)(6) (eff. July 1, 2017). Although the envelope in which the notice was presumably contained is included in the record, it serves neither as proof that defendant actually placed the envelope in the institutional mail nor that it was timely placed therein. See *Huber v. American Accounting Association*, 2014 IL 117293, ¶¶ 18-19.

¶ 17    Incidentally, in a related case, we had occasion to consider whether a postage meter could satisfy the dictates of  Rule 12(b)(6). See *People v. Tolbert*, 2021 IL App (1st) 181654. There, in reviewing the genesis of the amendments to Supreme Court Rules 373 and 12(b)(6), we noted  that postage meters are susceptible to the same deficiencies as postage stamps. *Id.* at ¶ 22. Thus, we concluded that postage meters could not satisfy Rule 12's certification requirements. ¶ 22. But see *People v. Humphrey*, 2020 IL App (1st) 172837 (holding that an envelope bearing a legible postmark was sufficient under Rule 12(b)(6) even absent the requisite certification). It bears noting that here, the postage meter marking is partially legible, the same issue which prompted amendments to Rule 373. See *Tolbert*, 2021 IL App (1st) 181654, ¶ 16. In short, nothing in this record can be read to comply with the certification requirements of Rule 12(b)(6).

¶ 18                                III. CONCLUSION

¶ 19    We are constrained to follow our supreme court's rules. Based on our review, the record does not establish that this court has jurisdiction and, we must, therefore, dismiss defendant's appeal.

¶ 20    Appeal dismissed.