2022 IL App (1st) 200971-U
No. 1-20-0971
Order filed June 30, 2022

SIXTH DIVISION

**NOTICE**: This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| CHARLES E. COLEMAN, | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 2014 CH 20116 |
| | ) | |
| SEAWAY BANK & TRUST COMPANY, | ) | The Honorable |
| SYLVESTER and JENNIFER | ) | Franklin U. Valderama, |
| IWUCHUKWU, CHICAGO TITLE LAND | ) | Judge, presiding. |
| TRUST COMPANY as TRUSTEE OF | ) | |
| TRUST NUMBER 8002355906, | ) | |
| SMITH-ROTHCHILD FINANCIAL | ) | |
| COMPANY and CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| (Seaway Bank & Trust Company, and | ) | |
| Sylvester and) Jennifer Iwuchukwu, | ) | |
| Defendants-Appellees). | ) | |

JUSTICE SHARON ODEN JOHNSON delivered the judgment of the court.
Justices Harris and Mikva concurred in the judgment.

**ORDER**

¶ 1     HELD:  Appeal dismissed for lack of jurisdiction

¶ 2    In the case at bar, the trial court granted summary judgment in favor of defendants. Plaintiff failed to file either a notice of appeal or a postjudgment motion within 30 days. For reasons that we explain in more detail below, we dismiss the appeal for lack of jurisdiction.

¶ 3                                    BACKGROUND

¶ 4    In this suit, plaintiff Charles E. Coleman alleged that he did not sign a warranty deed for certain real property located in Chicago and, therefore, the property was not transferred to defendants Sylvester and Jennifer Iwuchukwu, the purported grantees, on April 16, 1993. The Iwuchukwus granted a mortgage encumbering the property to defendant Seaway Bank & Trust Company (Seaway). On December 16, 2014, plaintiff Coleman filed this suit seeking a declaratory judgment that the signature on the deed was forged and seeking the ejectment of the Iwochukwus from the property.

¶ 5    Plaintiff had filed an almost factually identical complaint in 2013, under case No. 2013 CH 25807. In the 2013 complaint, the first count was entitled "Quiet Title," instead of "Declaratory Judgment"; and the second count was entitled "Possession," instead of "Ejectment." In the 2013 case, defendant Seaway moved, on April 3, 2015, to dismiss count 1, which was the only count directed at defendant Seaway. The motion was filed pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2018) on the grounds that plaintiff's suit was filed after the expiration of any and all possible applicable statutes of limitation and that defendant Seaway was a bona fide purchaser without knowledge of the alleged fraud. On June 16, 2015, in a 5-page memorandum order, Judge David B. Atkins of the Circuit Court of Cook County granted defendant Seaway's motion to dismiss count 1 with prejudice and also dismissed count 2, the ejectment count against the Iwuchukwus, without prejudice.

¶ 6        On July 13, 2015, the Iwochukwus moved Judge Franklin U. Valderama in the instant suit to dismiss the 2014 complaint with prejudice on the basis of Judge Atkins' order dismissing the 2013 suit. On September 30, 2015, Judge Valderama issued a written order in which he dismissed, "on the court's own motion," count 1 of the 2014 complaint "with prejudice for failure to state a cause of action for a declaratory judgment." Count 2, the count against the Iwochukwus, was "transferred to the Presiding Chancery Judge for transfer to the municipal division as no equitable claims remain." The Iwochukwus' motion to dismiss was "also transferred and entered and continued generally." On September 30, 2015, the presiding judge, as requested, issued a transfer order, transferring the remaining count to the "Municipal Department," on the ground that "neither party has any equitable claims."

¶ 7        On January 7, 2016, the Iwochukwus moved to transfer the case to "the Forcible Detainer Division." On February 23, 2016, the presiding judge of the chancery division transferred the case back to Judge Valderama. On August 25, 2016, Judge Valderama issued a memorandum order denying the Iwochukwus' motion to dismiss count 2, which was the ejectment count. On November 14, 2016, plaintiff filed an amended complaint which added a third count for "injunctive relief." On February 7, 2017, the Iwochukwus moved to dismiss again, and the trial court ordered defendant Seaway Bank to answer or otherwise plead to plaintiff's amended complaint. On March 2, 2017, defendant Seaway Bank moved to dismiss counts 1 and 3, for a declaratory judgement and for injunctive relief, which were the two counts against it. On September 7, 2017, the court entered a written order stating "Defendants' motions are denied w/o prejudice."

¶ 8        After a year of discovery, defendant Seaway filed on August 7, 2018, a motion for partial summary judgment as to counts 1 and 3, the two counts against it. On February 1,

2019, the trial court denied the motion in an 11-page memorandum opinion. In conclusion, the trial court found: "As there are genuine issues of material fact as to the alleged forgery of the Warranty Deed, whether and when the Iwochukwus paid all that was owed on the Installment Contract, and whether and when the Iwochukwus' possession of the Property satisfied the elements of adverse possession, Seaway's motion for summary judgment is denied."

¶ 9    After the denial, defendant moved to take additional discovery, namely, the deposition of Diane Shelley, the notary public who had witnessed plaintiff's signature on the disputed warranty deed. On August 29, 2019, her deposition was taken, and she testified that she was currently a circuit court judge. Judge Shelley testified that she had been a circuit court judge for 13 years but, prior to assuming the bench, she had practiced law and had been a notary public. As a notary public, her "general procedure" was "to either know the person personally" such that she was "able to vouch for that individual" or to "request some type of identification." After verifying the person's identity and witnessing his or her signing of the document, Shelley would then sign the document herself and affix a notary seal. In 1993, Shelley represented the Iwochukwus at the closing in question, acting as their attorney, and plaintiff Coleman was also present. While Shelley did not have a specific memory of notarizing Coleman's signature, she identified her signature and notary seal at the bottom of the document and testified that she believed that she had notarized it. Shelley testified that she would not have signed and stamped the document if she had not been able to see Coleman sign and verify his identity. Over the last 25 years, plaintiff has tried to contact Shelley repeatedly "by phone, by mail, by Internet," leaving messages in which he asked for legal advice or about election matters or "accus[ed]

people of fraud." However, she has never responded because she has "never taken him seriously."

¶ 10    After the notary's deposition, defendant Seaway moved for summary judgment on November 6, 2019. In addition to the notary's deposition and other documents, Seaway attached statements from "dueling" handwriting experts. Plaintiff's handwriting expert opined that it was "more likely than not" that the signature on the disputed deed was not plaintiff's signature, whereas defendants' handwriting expert had opined that it was "highly probable" that the signature was plaintiff's signature. Defendant Seaway's motion moved for summary judgement in favor of both itself and the Iwochukwus.

¶ 11    Plaintiff Coleman did not file a response to the motion, and his attorney moved to withdraw. The motion to withdraw was filed on January 9, 2020, and it cited "an irretrievable breakdown in the attorney/client relationship." On Monday, January 27, 2020, the trial court granted both defendant Seaway's motion for summary judgment and plaintiff's attorney's motion to withdraw.

¶ 12    At the January 27, 2020, hearing, plaintiff's attorney stated:

"I can tell you that the plaintiff himself has received [the motion to withdraw] and has been in discussion with our office about it. He understands that it's our intent to withdraw our appearance today. He had mentioned a possibility of filing his individual appearance and mentioned a possibility of being here today, although I don't see him in the courtroom."

The trial court responded that the proceeding was not scheduled for argument but solely for ruling and, thus, it found that "there was no prejudice" since the court was not "expecting argument."

5

¶ 13    On Thursday, February 27, 2020, or on the 31st day after the trial court's grant of summary judgment, plaintiff filed a *pro se* motion to reconsider the grant of both defendants' summary judgment motion and his attorney's motion to withdraw. Plaintiff claimed, among other things, that he had not received "timely" notice of either the motion for summary judgment or his attorney's motion to withdraw. Plaintiff claimed that Shelley, the notary, had slandered him in her deposition, and he attached exhibits to establish his good reputation. Plaintiff attached an exhibit which purportedly showed that Shelley had claimed to represent him, although she did not. Plaintiff argued that the court should not have let his attorney "abandon" him when a summary judgment motion was pending and that defendant Seaway must have been aware that plaintiff's attorney had abandoned him and, thus, plaintiff would have no response to the summary judgment motion.

¶ 14    On July 7, 2020, the trial court issued a written order that observed that "all parties" were "present via virtual conference." The order directed defendants to file a response on or before July 21 and plaintiff to file his reply on or before August 4, 2020. The order provided that a "ruling" would issue on August 13, 2020, at 9:30 a.m. at a Zoom hearing, "with the Court to provide the parties with necessary instructions to participate." Both Seaway and the Iwochukwus filed responses arguing, among other things, that plaintiff's reconsideration motion was untimely and, therefore, the trial court lacked jurisdiction. On August 3, 2020, the day before his reply was due, plaintiff moved for a 28-day extension "to continue his ongoing effort, to hire a skilled legal advocate, or otherwise plead."

¶ 15    On Thursday, August 13, 2020, the trial court issued an order that began with the observation that "all parties" were "present via virtual conference." The court denied plaintiff's motion to reconsider as untimely and found that the court, therefore, lacked jurisdiction. The

trial court further found that plaintiff failed to provide any "substantive basis for the Court to reconsider its prior ruling on summary judgment." The court also denied plaintiff's motion for an extension. Thirty days after Thursday, August 13 was Saturday, September 12, 2020. The next business day was Monday, September 14, 2020.

¶ 16    At 4 p.m. on Monday, September 14, 2020, plaintiff filed a *pro se* notice of appeal.

¶ 17                                    ANALYSIS

¶ 18    On March 7, 2022, defendant Sylvester Iwuchukwu filed a motion with this court to dismiss plaintiff's appeal for lack of jurisdiction. Plaintiff did not file a response to the motion. We grant defendant's motion for the following reasons.

¶ 19                          I. Duty to Consider Jurisdiction

¶ 20    Although in this case one of the parties raised the jurisdictional issue, an appellate court panel always has an independent duty to consider its own jurisdiction. *People v Smith*, 228 Ill. 2d 95, 106 (2008).

¶ 21    Our supreme court has stated that the ascertainment of a court's own jurisdiction is one of the "most important tasks of an appellate court panel when beginning the review of a case." *Smith*, 228 Ill. 2d at 106 ("We take this opportunity to remind our appellate court of the importance of ascertaining whether it has jurisdiction in an appeal[.]"; *R.W. Dunteman Co. v C/G Enterprises, Inc.*, 181 Ill. 2d 153, 159 (1998) ("A reviewing court must be certain of its jurisdiction prior to proceeding in a cause of action.")

¶ 22                        II. A Timely Notice is Jurisdictional

¶ 23    An appellate court's jurisdiction is dependent on the appellant's timely filing of a notice of appeal. *Huber v. American Accounting Ass'n*, 2014 IL 117293, ¶ 19. In fact, the timely filing of a notice of appeal is the only jurisdictional step needed to initiate appellate review.

7

*People v. Patrick*, 2011 IL 111666, ¶ 20. An appellant's failure to file a timely notice leaves this court without jurisdiction to hear his or her appeal. *Huber*, 2014 IL 117293, ¶ 19 (where the appellant filed his notice of appeal after the 30-day deadline provided in the relevant supreme court rule, the appellate court was correct in dismissing the appeal for lack of jurisdiction); *Patrick*, 2011 IL 111666, ¶ 20. To ascertain whether a notice of appeal was timely filed, we turn to the relevant supreme court rules and statutory provisions.

¶ 24                                III. Statutory Interpretation

¶ 25        Since interpretation of a supreme court rule presents purely a question of law, our review is *de novo*. *VC&M, Ltd. v. Andrews*, 2013 IL 114445, ¶ 13 (the proper interpretation of Supreme Court Rule 303(a) "presents purely a question of law" and thus "proceeds *de novo*"). *De novo* consideration means that we perform the same analysis that a trial judge would perform. *A.M. Realty*, 2016 IL App (1st) 151087, ¶ 72.

¶ 26        When interpreting a supreme court rule, we are governed by the same rules that govern statutory interpretation. *VC&M, Ltd. v. Andrews*, 2013 IL 114445, ¶ 30. Under those rules, our primary objective is to ascertain and give effect to the intent of the rule's drafters. *VC&M, Ltd. v. Andrews*, 2013 IL 114445, ¶ 30. The most reliable indicator of the drafters' intent is the language used in the rule itself, which should be given its plain and ordinary meaning. *VC&M, Ltd. v. Andrews*, 2013 IL 114445, ¶ 30.

¶ 27                                IV. Supreme Court Rule 303

¶ 28        Regarding jurisdiction, plaintiff's appellate brief asserts: "Jurisdiction of this case is proper in the Appellate Court because this matter involves a final judgment from the Circuit Court of Cook County, Illinois." Plaintiff's appellate brief does not cite a rule, but he does assert that it is an appeal from a final judgment, and Illinois Supreme Court Rule 303 governs

appeals from final judgments of the circuit court in civil cases. Ill. S.. Ct. R. 303 (eff. July 1, 2017).

¶ 29 Supreme Court Rule 303 provides, in relevant part, that "[t]he notice of appeal must be filed with the clerk of the circuit court within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed *** within 30 days after the entry of the order disposing of the last postjudgment motion directed against that judgment or order." Ill. S.. Ct. R. 303(a)(1) (eff. July 1, 2017). The words of the rule could not be more plain: only a "timely" postjudgment motion tolls the time to file the notice of appeal. Ill. S.. Ct. R. 303(a)(1) (eff. July 1, 2017).

¶ 30 V. Supreme Court Rule 274

¶ 31 Defendant claims, and the trial court found, that the plaintiff's postjudgment motion to reconsider was untimely. The plain words of the applicable rule compel us to agree. Supreme Court Rule 274 provides, in relevant part: "A party may make only one postjudgment motion directed at a judgment order that is otherwise final and appealable. The motion must be filed within 30 days of that judgment order or within the time allowed by any extensions." Ill. S. Ct. R. 274 (eff. July 1, 2019). In the case at bar, the "judgment order" at issue was the order granting summary judgment in favor of defendants, and it was "otherwise final and appealable." Ill. S. Ct. R. 274 (eff. July 1, 2019). Plaintiff made "only one postjudgment motion directed" against it, namely, his motion for reconsideration. Ill. S. Ct. R. 274 (eff. July 1, 2019). For that motion to be timely, it had to be "filed within 30 days" of the summary judgment order (and it was not) or filed "within the time allowed by any extensions." Ill. S. Ct. R. 274 (eff. July 1, 2019). The appellate record does not disclose that any extensions were granted, nor does plaintiff argue that any were.

¶ 32        Similarly, section 2-1203 of the Code of Civil Procedure (Code) provides that, "[i]n all cases tried without a jury, any party may, within 30 days after the entry of the judgment or within any further time the court may allow within the 30 days or any extensions thereof, file a motion for a rehearing." 735 ILCS 5/2-1203 (West 2018). Under this section, after summary judgment, a party's reconsideration motion must be filed within 30 days, which was not done here, or within "further time," if allowed by the court. Within the 30-day period, a court may allow "further time," but that was not done here. 735 ILCS 5/2-1203 (West 2018).

¶ 33        Plaintiff's motion for reconsideration claimed that he did not receive "timely" notice of either defendant's summary judgment motion or his attorney's motion to withdraw. But he did not claim a lack of timely notice of the decision itself. "Absent a timely-filed posttrial motion, the trial court will lose jurisdiction over the case 30 days after it enters final judgment." *Peraino v. County of Winnebago*, 2018 IL App (2d) 170368, ¶ 14.

¶ 34        Although untimeliness was the primary reason cited by the trial court for denying his motion to reconsider, plaintiff does not address this issue in his appellate brief. Thus, he makes no arguments on appeal that his reconsideration motion was filed "within the time allowed by any extensions." Ill. S. Ct. R. 274 (eff. July 1, 2019). In his appellate brief, plaintiff claims repeatedly that the notary public lied and committed fraud, and he asserts that the trial court "totally tricked and bamboozled him," but he does not address the untimeliness of his reconsideration motion. Points not argued are waived for our consideration. *Khan v. Fur Keeps Animal Rescue, Inc.*, 2021 IL App (1st) 182694, ¶ 42 (where an appellant fails to raise an issue in his appellate brief, he forfeits it for our consideration); *Lozman v. Putnam*, 379 Ill. App. 3d 807, 824 (2008); Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) ("Points not argued are forfeited

and shall not be raised in the reply brief, in oral argument, in oral argument, or on petition for rehearing.").[1]

¶ 35    The closest that his appellate brief comes to addressing the untimeliness of his reconsideration motion is to argue that defendant Seaway was aware that he was without an attorney and that, as a result, Seaway was required to send its motion for summary judgment to him. However, plaintiff's appellate brief does not argue that he was unaware of either defendant's summary judgment motion or the trial court's grant of summary judgment on January 27, 2020. [2]

¶ 36    While we understand that a *pro se* litigant may feel frustrated when he misses a filing deadline by one day, this is also a reason not to try to wait until the very last day, as plaintiff chose to do. *Peraino*, 2018 IL App (2d) 170368, ¶ 24 (although dismissing an appeal due to a one-day filing error may "appear harsh," the plaintiff could have filed anytime during the 30 days for an extension and instead chose to wait until the deadline before trying to file).

¶ 37                                CONCLUSION

¶ 38    For the foregoing reasons, this appeal is dismissed for lack of jurisdiction.

¶ 39    Dismissed.

---

[1] Defendant's motion to dismiss the appeal as untimely also argues why we should not construe plaintiff's motion for reconsideration as a Section 2-1401 petition. 735 ILCS 5/2-1401 (West 2018). Since plaintiff has made no argument that this should be done, either to the trial court or in his appellate brief, this point is forfeited for our consideration. As we noted in the text, points not argued are waived.

[2] Plaintiff's appellate brief asserts that he received "no notice" of the August 13 hearing regarding his reconsideration motion. He claims that defendant Seaway's attorney called him on August 13, 2020, which was the day that the trial court denied plaintiff's motion to reconsider; that the attorney told him to "hold on"; and that a person claiming to be Judge Valderama got on the phone, but that there was too much ambient noise for plaintiff to be certain what the judge said. Plaintiff's August 3 motion for an extension, filed the day before his reply was due, suggests that he did have notice of the July 7 order which also set the August 13 hearing. The August 13 order states that "all parties" were "present." However, a lack of notice of the August 13 hearing, even if it occurred, does not alter the fact that his reconsideration motion was not timely filed.