2023 IL App (1st) 211539-U

No. 1-21-1539

Order filed March 15, 2023

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| ROSELLA ELLIS, *et al.*,[1] | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 21 L 623 |
| | ) | |
| REGINALD BACHUS, EDWARD MOODY and | ) | |
| SYMCARE HEALTH CARE, | ) | Honorable |
| | ) | James P. Flannery, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE BURKE delivered the judgment of the court.
Presiding Justice McBride and Justice Reyes concurred in the judgment.

**ORDER**

¶ 1    *Held*: Plaintiff's appeal is dismissed for lack of jurisdiction where she failed to file a timely notice of appeal.

---

[1] Plaintiff erroneously included the *et al.* designation on all her filings in the circuit court and on her notice of appeal. Plaintiff was a single party. We include the designation here for the sole purpose of consistency with the circuit court case and notice of appeal.

¶ 2    Plaintiff Rosella Ellis, who appears *pro se*, is attempting to appeal from an order of the circuit court of Cook County entered April 20, 2021, denying her application for a waiver of court fees and dismissing her case. Plaintiff filed her notice of appeal on November 23, 2021, six months after the time for filing an appeal had expired. Accordingly, this court must dismiss this appeal for lack of jurisdiction.

¶ 3    The record before this court consists of one 47-page volume of the common law record. The documents therein show that on January 20, 2021, plaintiff filed three documents with the clerk of the circuit court. The first document was a *pro se* civil action cover sheet indicating plaintiff was filing a complaint for breach of contract against defendants "Rev. Reginald Bachus, Edward Moody and Symcare Health Care, et al." The second document was a one-page summons listing the three defendants with their addresses. The third document was an application for waiver of court fees. There is no complaint attached to any of the documents.

¶ 4    The circuit court scheduled an initial case management via Zoom for May 20, 2021.

¶ 5    On April 20, 2021, the circuit court entered an order denying plaintiff's application for waiver of court fees. The court indicated plaintiff did not qualify for a fee waiver because she failed to file a complaint with her civil action cover sheet. The court further ordered that all future court dates were stricken, and the case was dismissed.

¶ 6    On June 9, 2021, plaintiff filed a motion for "clarification" with the circuit court. Therein, plaintiff stated that the court's law division failed to docket her complaint. Plaintiff further claimed the circuit court erroneously substituted its own "order for waiver of court fees" form in place of the original order form she had filed on January 20. Plaintiff asserted the court was required to use

the "proper" form to respond to her rather than an "unauthorized" form. There is no indication in the record that the circuit court took any action with this motion.

¶ 7 On November 23, 2021, plaintiff filed a *pro se* notice of appeal asking this court to reverse the circuit court's denial of her request for a fee waiver. Plaintiff did not indicate the date of the order or judgment she was appealing.

¶ 8 Although the circuit court had dismissed plaintiff's case and she had filed a notice of appeal, plaintiff continued filing *pro se* motions in the circuit court. There is no indication in the record that the circuit court took any action on any of those motions.

¶ 9 The record also contains an alias summons form which was stamped by the clerk of the circuit court on December 15, 2021. Plaintiff wrote the names and addresses of the three defendants on that form.

¶ 10 On December 28, 2021, defendant Symcare Healthcare filed an appearance in the circuit court case. The following day, Symcare filed a motion to dismiss plaintiff's complaint pursuant to section 2-615 of the Code of Civil Procedure (Code) (735 ILCS 5/2-615 (West 2020)). Symcare attached a copy of plaintiff's *pro se* handwritten complaint to its motion. The complaint, *in toto*, states as follows:

"Plaintiff states that defendant(s) violated contract pertaining to:

Friendship Baptist Church
5200 West Jackson Blvd./Shelvin Jerome Hall
Chicago, Illinois 60644
Furthermore, are Property Index number(s) (P.I.Ns) have been violated, as well."

Plaintiff indicated the amount claimed as $20 million. The complaint is file-stamped January 20, 2021, by the clerk of the circuit court.

¶ 11    The record ends with another *pro se* alias summons form submitted by plaintiff which was file-stamped by the clerk of the circuit court on January 19, 2022. The form lists the three defendants with their addresses. A duplicate copy of plaintiff's *pro se* complaint is attached.

¶ 12    There is no indication in the record that the circuit court took any action on any documents filed in this case after it dismissed the case on April 20, 2021.

¶ 13     On appeal, plaintiff argues that the circuit court erred when it found she did not qualify for a waiver of the court fees and dismissed her complaint. Plaintiff states she filed her complaint with the court. She argues the circuit court denied her right to a fair and impartial trial. Plaintiff asks this court to reverse the circuit court's dismissal and remand her case for trial.

¶ 14    None of the defendants have filed a responsive appellee's brief. This court elected to consider this appeal based on plaintiff's brief alone under the principles set forth in *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 131-33 (1976).

¶ 15    We have now determined that we must dismiss this appeal for lack of jurisdiction. This court has an independent duty to determine whether it has jurisdiction to consider plaintiff's appeal. *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 251-52 (2010). To confer jurisdiction on the appellate court, plaintiff must file a timely notice of appeal. *Huber v. American Accounting Ass'n*, 2014 IL 117293, ¶ 8. If a notice of appeal is not properly filed, the appellate court has no jurisdiction and must dismiss the appeal. *Id.*

¶ 16     In this case, the circuit court dismissed plaintiff's case on April 20, 2021. Plaintiff was required to file her notice of appeal with the clerk of the circuit court within 30 days, by May 20, 2021. Ill. S. Ct. R. 303(a)(1) (eff. July 1, 2017); *Huber*, 2014 IL 117293, ¶ 10. Plaintiff's notice of appeal was filed November 23, 2021, more than six months past her filing deadline. Consequently,

her notice of appeal was untimely filed, and we must dismiss this appeal for lack of jurisdiction. *Huber*, 2014 IL 117293, ¶ 8.

¶ 17    For these reasons, we dismiss plaintiff's appeal for lack of jurisdiction.

¶ 18    Appeal dismissed.